Argued and submitted June 24, 1980,
remanded to Court of Appeals January 20, 1981

In the Matter of the Compensation
of Charles Maddox, Claimant.

MADDOX,
*Respondent,*

*v.*

STATE ACCIDENT INSURANCE FUND,
*Petitioner.*

(WCB 77-2861, CA 13840, SC 26910)

624 P2d 570

Darrell E. Bewley, Associate Counsel, Salem, argued the cause for petitioner. With him on the briefs were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, Salem.

David E. Hittle, of Dye & Hittle, Salem, argued the cause and filed the brief for respondent.

Ridgway K. Foley, of Schwabe, Williamson, Wyatt, Moore & Roberts, Portland, filed the brief amicus curiae on behalf of The Oregon Self-Insurer's Association.

Steven C. Yates, Evohl F. Malagon, and Malagon & Yates, Eugene, filed the brief amicus curiae on behalf of the Oregon Trial Lawyers Association.

Before Denecke, Chief Justice, and Howell,** Lent, Linde, Peterson and Tanzer, Justices.

DENECKE, C. J.

**Howell, J., retired November 30, 1980.

**DENECKE, C. J.**

This is one of five cases in which a claim for Workers' Compensation benefits is made because of a mental condition allegedly arising out of claimant's employment. 44 Or App 520, 605 P2d 1391 (1980).

The plaintiff is a male, age 55, who was working as a vocational counselor for the State of Oregon. Because of the conduct of his supervisor, including his methods of supervision, claimant contends he suffered a "personality disorder of the passive-aggressive type" which caused him to be unable to work for a period of about seven months. There was medical evidence that the conduct of the supervisor "materially contributed to or exaggerated his (claimant's) depression" and the referee so found. The Workers' Compensation Board and the Court of Appeals in a Per Curiam opinion, citing its decision in *James v. SAIF,* 44 Or App 520, 605 P2d 1391 (1980), affirmed.

SAIF makes the same contentions in this case as it did in *James v. SAIF* except that it further contends: "The stress felt by claimant was not inherent in the conditions of his employment * * *" which may be a different contention than was made in *James v. SAIF.* SAIF's contention is not directly on point. The question is not whether the stress suffered by claimant was or was not inherent in his employment. The question is the one we stated in *James v. SAIF* and the one answered by the dissenting member of the Workers' Compensation Board. He stated in his dissenting opinion: "To say that this claimant, under the facts of this case, was subjected or exposed to a disease or infection to which he would not ordinarily be subjected or exposed other than during a period of regular actual employment violates all tests of reasonableness."

The cause is remanded to the Court of Appeals to proceed in accordance with our opinion in *James v. SAIF,* 290 Or 343, 624 P2d 565 (1980).