Argued and submitted June 28, reversed;
order reinstated September 29, 1982

In the Matter of the Compensation
of Charles Maddox, Claimant.

MADDOX,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(WCB Case No. 77-02861,
CA No. A23277)

651 P2d 180

Linda C. Love, Salem, argued the cause for petitioner. With her on the brief was Olson, Hittle & Gardner, Salem.

Darrell E. Bewley, Appellant Counsel, SAIF Corporation, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

■ After our remand of this case, 51 Or App 2, 624 P2d 643 (1981), for reconsideration in light of the Supreme Court's decision in *James v. SAIF,* 290 Or 343, 624 P2d 565 (1981), the Workers' Compensation Board, reversing the referee's original opinion and order of January 31, 1978, ruled that claimant's depressive disorder was not compensable. The Board based its conclusion on a rule it articulated in *Harry McGarrah,* WCB Case No. 79-05440 (1981). We have rejected the application of that rule in that case. *McGarrah v. SAIF,* 59 Or App 448, 651 P2d 153 (1982). We conclude, as in *McGarrah v. SAIF, supra,* that claimant's condition, being the result of supervision designed primarily to improve his job performance, is sufficiently work connected that it arises out of claimant's employment within the meaning of ORS 656.802(1)(a).

In denying compensability, the Board also invoked its rule that work must be the significant predominant cause of an occupational disease. *See Kay L. Murrens,* WCB Case No. 79-01573 (1981). This is essentially the standard articulated in our decision in *SAIF v. Gygi,* 55 Or App 570, 574, 639 P2d 655, *rev den* 292 Or 825 (1982) (interpreting *James v. SAIF, supra;* work must be "the major contributing cause"). The Board found that the test was not satisfied here, because one physician reported that "[claimant's] disorder was not caused by his work, but his work situation materially contributed to and exaggerated his depression."

■ ■ It is well settled that, to establish a compensable occupational disease, a claimant need not show that work caused the underlying disease itself; it is enough that work precipitated or worsened the condition. *Weller v. Union Carbide,* 288 Or 27, 31, 602 P2d 259 (1979); *Beaudry v. Winchester Plywood,* 255 Or 503, 512, 469 P2d 25 (1970). We interpret the Board's comment to mean that the quoted language does not establish that work was the predominant or major cause of the disorder. We note that, at the time the doctor rendered his opinion, this particular requirement had not yet been articulated in the case law. Hence, the lack of technically correct language in a medical report would not necessarily be dispositive. Moreover, there is

another, more persuasive medical opinion in this case. Another physician unequivocally tied the illness to claimant's work: "The pressure as a counselor for vocational rehabilitation led to traumatic neurosis"; without that work-related trauma, claimant "could have functioned without difficulty up until his retirement and thereafter without the precipitation of mental illness." On this record, we find that there was no significant stress outside claimant's work environment that contributed to his mental disorder. We conclude that the requirement of major contributing cause has been met.

Reversed and remanded for reinstatement of the referee's order.