Argued and submitted May 10, affirmed in part;
remanded in part December 8, 1982, reconsideration denied January 28,
petition for review allowed March 1, 1983 (294 Or 569)
See 295 Or 448, 667 P2d 529 (1983)

In the Matter of the Compensation of
Charles Maddox, Claimant.

## STATE ACCIDENT INSURANCE FUND CORPORATION,

*Petitioner,*

*v.*

## MADDOX,

*Respondent.*

(WCB No. 79-09937, CA A23313)

655 P2d 214

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the briefs for petitioner.

Michael E. Wasserman, Salem, argued the cause for respondent. On the brief were Linda C. Love, and Rolf Olson and Olson, Hittle & Gardner, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

This workers' compensation case has been through this court twice on its way from the Workers' Compensation Board to the Supreme Court and back again on remand.[1] The Board had determined the claim to be compensable, but did not determine the extent of disability. While the compensability issue was on appeal through the courts, the referee proceeded to determine the extent of claimant's disability and awarded permanent total disability. Before the Board, SAIF contended that the referee lacked jurisdiction to rate the extent of disability while the issue of compensability was on appeal. The Board reversed the referee's award of permanent total disability on the ground that the claim was not compensable. SAIF appeals

---

[1] The precise chronological history is as follows:

| | |
|---|---|
| May 2, 1977: | Claimant requests hearing on denial of claim. |
| January 31, 1978: | Referee reverses denial and orders SAIF to accept claim. |
| March 21, 1979: | Board on review affirms referee on compensability. |
| November 16, 1979: | Claimant requests hearing on extent of disability. |
| February 19, 1980: | Court of Appeals affirms (without opinion) the Board's order in compensability case. *Maddox v. SAIF,* 44 Or App 520, 605 P2d 1391 (1980). |
| April 17, 1980: | SAIF files motion with Board to dismiss requested hearing on extent while compensability issue was pending on appeal through the courts. |
| June 30, 1980: | Referee awards claimant permanent total disability. |
| January 20, 1981: | Supreme Court remands compensability case to Court of Appeals for reconsideration in light of *James v. SAIF,* 290 Or 343, 624 P2d 565 (1981). *Maddox v. SAIF,* 290 Or 357, 624 P2d 570 (1981). |
| March 9, 1981: | Court of Appeals remands compensability case to Board. *Maddox v. SAIF,* 51 Or App 2, 624 P2d 643 (1981). |
| December 7, 1981: | Board on remand holds claim not compensable. |
| December 7, 1981: | Board on review of extent case reverses referee on the basis of its holding the claim not compensable. |
| December 28, 1981: | Board denies SAIF's motion for reconsideration and explains why it did not grant SAIF's motion to dismiss. |
| December 31, 1981: | Claimant seeks judicial review of Board's December 7th order on compensability. |
| January 6, 1982: | SAIF files petition for judicial review of December 7, 1981 order on extent of disability. |
| September 29, 1982: | Court of Appeals holds claim compensable. *Maddox v. SAIF,* 59 Or App 508, 651 P2d 180 (1982). |

from the Board's order pertaining to extent of claimant's disability, re-asserting its contention that the referee and Board lacked jurisdiction to rate the extent of claimant's disability pending appeal of the issue of compensability.[2]

In its order denying SAIF's motion to reconsider, the Board explained its position on the jurisdictional issue:

"THE SAIF Corporation's motion for reconsideration complains that the Board's Order on Review dated December 7, 1981 failed to address its jurisdictional argument. Its jurisdictional argument is: When in litigation a claim has been found compensable, but that decision has been appealed and is not yet finally resolved, the Board and its Referees lack jurisdiction to enter orders rating extent of disability.

"SAIF's argument that extent hearings be deferred until compensability is finally determined is attractive, and it may well be that the Board should consider adopting a rule that so provides. Unless and until the Board adopts such a rule, however, we address SAIF's jurisdictional argument by stating we are not persuaded. ORS 656.313(1)."

At the time of claimant's injury, ORS 656.313(1) provided:

"(1) Filing by an employer or the State Accident Insurance Fund Corporation of a request for review or court appeal shall not stay payment of compensation to a claimant."[3]

The policy expressed in ORS 656.313 is consistent with the practice of proceeding to rate the extent of a claimant's disability pending an appeal of a determination that the claim is compensable. If compensability and extent of disability had been determined in the same hearing, ORS 656.313 would preclude a stay of payment of the

---

[2] Claimant's motion to dismiss the appeal, filed after oral argument, is denied. The issue raised in this appeal may well have been moot after the Board ruled the claim not compensable, but we have since ruled the claim compensable. *Maddox v. SAIF,* 59 Or App 508, 651 P2d 180 (1982). We proceed to the merits because, notwithstanding any erstwhile mootness, SAIF's jurisdictional argument, if accepted, could affect the course of the proceedings here by rendering the referee's ruling on extent of disability a nullity.

[3] The wording of the current statute is substantially similar:

"Filing by an employer or the insurer of a request for review or court appeal shall not stay payment of compensation to a claimant."

compensation awarded. We perceive no salient difference between that situation and this, other than the fortuity of a bifurcated hearing in this case. We note that the legislature has specifically provided a mechanism for delaying payment of disputed medical expenses pending appeal on the issue of their compensability. ORS 656.313(3).[4] It is fair to assume that if it had intended that the processing of extent of disability claims be stayed pending appeal of a determination that the disability is compensable, it would have so provided.

SAIF contends that ORS chapter 19, pertaining generally to appeals from lower courts, applies to workers' compensation proceedings and would divest the referee and Board of jurisdiction to take further action on the claim until compensability was finally determined in the appellate process. ORS chapter 19 governs appellate review of lower court decisions, not administrative tribunals. The workers' compensation statutory scheme contains its own provisions governing appeals, *see, e.g.,* ORS 656.298; they appear to be complete and do not prevent the referee or Board from processing extent of disability claims pending appeal of an order finding compensability. We conclude that the referee and Board had jurisdiction here.[5]

---

[4] ORS 656.313(3) provides:

"(3) If an insurer or self-insured employer denies the compensability of all or any portion of a claim submitted for medical services, the insurer or self-insured employer shall send notice of the denial to each provider of such medical services. After receiving notice of the denial, a medical service provider may submit bills for the disputed medical services to the provider of health insurance for the injured worker. The health insurance provider shall pay all such bills in accordance with the limits, terms and conditions of the policy. If the injured worker has no health insurance, such bills may be submitted to the injured worker. A provider of disputed medical services shall make no further effort to collect disputed medical service bills from the injured worker until the issue of compensability of the medical services has been finally determined. When the compensability issue has been finally determined, the insurer or self-insured employer shall notify each affected health insurance provider of the results of the determination, including the results of proceedings under ORS 656.289(4) and the amount of any settlement. If the services are determined to be compensable, each health insurance provider that has paid claims pursuant to this subsection has a right of action to recover the costs thereof from the insurer or self-insured employer. As used in this subsection, 'health insurance' has the meaning for that term provided in ORS 731.162."

[5] We express no opinion as to whether the Board may, by rule, stay hearings on extent of disability under the circumstances presented here.

Although we affirm the Board's order on the jurisdictional issue, the extent of disability question has not yet been reviewed on the merits, because the Board based its ruling on the sole ground that the claim was not compensable. In the appeal on compensability taken from one of the two orders, we held the claim compensable, thereby superseding the Board's order on compensability. SAIF, however, is entitled to have the extent of disability reviewed.

Order affirmed on jurisdictional issue; remanded for review of extent of disability.