Argued and submitted April 29, affirmed July 6, 1983

In the Matter of the Compensation of
Marquetta Day, Claimant.

DAY,
*Petitioner,*

*v.*

SAIF CORPORATION,
*Respondent.*

(81-06456; CA A25900)

665 P2d 1253

David C. Force, Eugene, argued the cause for petitioner. On the brief was Evohl F. Malagon, Eugene.

Donna M. Parton, Associate Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

,

**BUTTLER, P. J.**

Claimant appeals from an order of the Workers' Compensation Board, which reversed the opinion and order of the referee and granted SAIF's motion to dismiss. We affirm.

Claimant's bilateral carpal tunnel syndrome was accepted as compensable by SAIF. Workers' compensation benefits were provided between November, 1978, and January 14, 1980. A determination order was issued on December 14, 1979, closing the claim and awarding claimant time loss benefits and permanent partial disability. There was no appeal from that order. On January 14, 1980, SAIF denied responsibility in total for claimant's carpal tunnel syndrome on the basis of a report from Dr. Emori, dated December 14, 1979, in which the doctor stated that he believed that the syndrome was not related to her work activities. Claimant requested a hearing, following which the referee issued his opinion and order on May 14, 1981, overturning the denial. The referee stated:

> "(1)  Claimant's claim for bilateral carpal tunnel syndrome resulting from compensable injuries from her employment at Glendale Plywood Company is remanded to the SAIF Corporation for reacceptance of her claim and for payment of all workers' compensation benefits to which she is entitled including, but not limited to, medical services which have not yet been provided or paid for and the permanent partial disability awards previously granted to her."

On May 29, 1981, SAIF submitted an "Insurer's Report" (Form 1502) to the Workers' Compensation Department, which contained a comment that it was submitted for administrative purposes only and that the referee's order required only that the claim be accepted. On June 25, 1981, SAIF notified claimant's counsel that it did not intend to reopen the claim. Claimant requested a hearing based on SAIF's unreasonable refusal, resistance or delay in complying with the first order, contending that the order required reopening the claim notwithstanding the final determination order. On March 12, 1982, a second referee issued an "Opinion and Order on Motion," denying SAIF's motion to dismiss and ordering that the claim be remanded for closure. SAIF requested Board review of that order. In its order on review issued August 30, 1982, the Board reversed the second referee's order and noted:

"* * * [The first] [r]eferee['s] order did not order the claim reopened, but reaccepted, and an order of reacceptance is not to be confused with or equated to an order to reopen a claim."

The sole issue before the first referee was the propriety of SAIF"s denial. Claimant does not contend that she filed an appeal from the December 14, 1979, determination order. Neither does she argue that her condition had worsened, nor does she refer to any evidence submitted to the referee that could have established that fact. In the first opinion and order, the referee properly decided only the issue before him, *i.e.*, the propriety of SAIF"s denial. That order overturned the denial and remanded the claim to SAIF for reacceptance and for payment of all worker's compensation benefits to which claimant was entitled.

Because a full and final determination order, based on all of the available evidence, had already been entered, there was no need either for a reopening of the claim or a second determination order. The Board correctly determined that the first referee's opinion and order was only intended to order SAIF to re-accept the claim. SAIF did that, and we affirm the Board's granting of SAIF"s motion to dismiss.

Affirmed.