Argued and submitted April 7, Court of Appeals affirmed August 2,
petition for rehearing denied September 7, 1983

In the Matter of the Compensation of
Charles Maddox, Claimant.

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Petitioner on Review,*

*v.*

MADDOX,
*Respondent on Review.*

(CA A23313, SC 29212)

667 P2d 529

Darrell E. Bewley, Appellate Counsel for State Accident Insurance Fund, Salem, argued the cause and filed the briefs for petitioner on review.

Linda C. Love, Salem, argued the cause for respondent on review. With her on the briefs was Rolf Olson, P.C., Salem.

ROBERTS, J.

## ROBERTS, J.

This workers' compensation case presents the question whether the compensability of a claim must be determined finally before the extent of disability may be litigated. Specifically, SAIF Corporation asks this court to determine whether the Workers' Compensation Board and its referees have jurisdiction to enter orders rating extent of disability where the condition of claimant previously has been found to be compensable but that issue is the subject of a pending appeal.

This case has been in litigation since May, 1977.[1] Because of the protracted litigation the issue of

---

[1] As set out in the Court of Appeals opinion:

"The precise chronological history is as follows:

"May 2, 1977:        Claimant requests hearing on denial of claim.

"January 31, 1978:   Referee reverses denial and orders SAIF to accept claim.

"March 21, 1979:     Board on review affirms referee on compensability.

"November 16, 1979:  Claimant requests hearing on extent of disability.

"February 19, 1980:  Court of Appeals affirms (without opinion) the Board's order in compensability case. *Maddox v. SAIF,* 44 Or App 520, 605 P2d 1391 (1980).

"April 17, 1980:     SAIF files motion with Board to dismiss requested hearing on extent while compensability issue was pending on appeal through the courts.

"June 30, 1980:      Referee awards claimant permanent total disability.

"January 20, 1981:   Supreme Court remands compensability case to Court of Appeals for reconsideration in light of *James v. SAIF,* 290 Or 343, 624 P2d 565 (1981). *Maddox v. SAIF,* 290 Or 357, 624 P2d 570 (1981).

"March 9, 1981:      Court of Appeals remands compensability case to Board. *Maddox v. SAIF,* 51 Or App 2, 624 P2d 643 (1981).

compensability had not been ultimately determined until after claimant had begun the process of, and received an award for, his extent of disability. A summary of the procedure can be briefly stated. The referee and the Board originally found claimant's condition to be compensable. That was appealed through the Court of Appeals to this court. We remanded and the Board then found the condition not to be compensable. In the meantime claimant appealed from a determination order which did not grant an award of permanent disability. The referee made an award of permanent total disability but the Board reversed the referee because it had already determined on remand the claim was not compensable. Also meanwhile, SAIF had filed a motion with the Board to dismiss claimant's request for a hearing on the extent of disability contending the referee did not have jurisdiction to consider extent of disability while the compensability issue was still pending on appeal. The Board denied SAIF's motion. Claimant appealed the denial of compensation and the Court of Appeals reversed and remanded for reinstatement of the referee's order. 59 Or App 508, 651 P2d 180 (1982). SAIF separately appealed the Board's denial of its motion and the Court of Appeals affirmed,

"December 7, 1981:   Board on remand holds claim
                    not compensable.

"December 7, 1981:   Board on review of extent case
                    reverses referee on the basis of
                    its holding the claim not
                    compensable.

"December 28, 1981:  Board denies SAIF's motion
                    for reconsideration and explains
                    why it did not grant SAIF's motion
                    to dismiss.

"December 31, 1981:  Claimant seeks judicial
                    review of Board's December 7th
                    order on compensability.

"January 6, 1982:    SAIF files petition for
                    judicial review of December 7, 1981
                    order on extent of disability.

"September 29, 1982: Court of Appeals holds claim
                    compensable. *Maddox v. SAIF*, 59 Or
                    App 508, 651 P2d 180 (1982)."

December 8, 1982: Court of Appeals holds the Board and referee had jurisdiction to decide extent of disability.

remanding the case for review by the Board on the extent of disability question. The Board by letter to the parties stated that no action would be taken until the issue raised by SAIF is finally resolved. Thus, a determination by the Board of claimant's extent of disability awaits our decision on whether the referee had jurisdiction to decide the extent of disability issue when compensability had not been finally adjudicated.

█      SAIF argues that ORS chapter 19 applies to workers' compensation proceedings when a case has been appealed to the Court of Appeals from the Board level. SAIF's position is that under ORS chapter 19[2] once an appeal has been taken, "the lower court cannot proceed in any manner so as to affect the jurisdiction acquired by the appellate court or defeat the right of the appellants to prosecute the appeal with effect." *State v. Jackson,* 228 Or 371, 382, 365 P2d 294 (1961). SAIF maintains that a determination of extent of disability "affects" the appeal of compensability although it fails to demonstrate how the compensability appeal is affected except to point out that SAIF was required to pay permanent total disability after the referee decided in favor of claimant on the extent of disability and continued to pay until the Board reversed the referee.[3]

Our examination of ORS chapter 19 satisfies us that it has no application to appeals from administrative tribunals.

---

[2] SAIF sets out in its brief only ORS 19.033(1) which provides:

"When the notice of appeal has been served and filed as provided in ORS 19.023, 19.026 and 19.029, the Supreme Court or the Court of Appeals shall have jurisdiction of the cause, subject to a determination under ORS 2.520, but the trial court shall have such powers in connection with the appeal as are conferred upon it by law."

and ORS 19.190(1) which provides:

"The decision of the court to which the appeal is made shall be entered in the journal, and the cause remitted by mandate to the court below for further proceedings as therein directed. If a new trial is ordered, upon the receipt of the mandate by the clerk of the court below, the decision and order shall be entered in the journal and thereafter the cause shall be deemed pending and for trial in such court, according to the directions of the court to which the appeal is made. If a new trial is not ordered, upon the receipt of the mandate by such clerk, a judgment or decree shall be entered in the journal and docketed in pursuance of the direction of the court to which the appeal is made, in like manner and with like effect as if the same was given in the court below."

[3] The Court of Appeals ordered the reinstatement of the referee's order pending Board review on remand. We assume claimant is being paid permanent total disability while this case is on review.

Throughout ORS chapter 19 reference is made to appeals from the trial courts, never to appeals from an administrative agency. The workers' compensation statutory scheme contains its own provisions governing appeals. ORS 656.298, for example, specifically instructs litigants how to process an appeal to the Court of Appeals and sets forth the scope of that court's review.

In rejecting SAIF's argument that ORS chapter 19 applies to appeals from the Workers' Compensation Board we conclude that ORS 656.313 is controlling on the issue raised in this case. At the time of claimant's claim of disability, ORS 656.313(1) provided:

"(1)   Filing by an employer or the State Accident Insurance Fund Corporation of a request for review or court appeal shall not stay payment of compensation to a claimant."[4]

SAIF contends this provision only requires the insurer to commence processing the claim whether or not an appeal is taken. According to SAIF this entails the following:

"1.   Payment of time loss until claimant is medically stationary.

"2.   Gathering medical information to determine the extent of the disability, if any.

"3.   Providing medical care and treatment to claimant.

"4.   Presentation of medical and other information to closing and evaluation when it appears that claimant is medically stationary.

"5.   And of course, the insurer must then pay any amount awarded under the Determination Order."

SAIF's position is that once these requirements have been complied with, ORS 656.313(1) has no further application because its purpose has been met, *i.e.,* "the insurer has been prevented from withholding funds from a claimant through a lengthy appeal period and thus starving him into accepting a settlement in order to provide for himself and his family." At argument SAIF stated its position to be that after a determination order on extent of disability, the referee and

---

[4] ORS 656.313(1) presently provides:

"Filing by an employer or the insurer of a request for review or court appeal shall not stay payment of compensation to a claimant."

Board must forestall all further consideration until compensability has been finally determined.

We do not read ORS 656.313(1) to be so restrictive, particularly in light of amendments which have been made by the legislature while this case has been winding its way through the courts and back through the administrative process. In 1979 the legislature added subsections 3 and 4 to the statute. Subsection 3 is not pertinent here, but subsection 4 provides:

> "(4)  Notwithstanding ORS 656.005, for the purpose of this section, 'compensation' means benefits payable pursuant to the provisions of ORS 656.204 to 656.208, 656.210 and 656.214 and does not include the payment of medical services."[5]

The statutes set out in subsection (4) to which "compensation" applies includes ORS 656.204, payment for death resulting from accidental injury; ORS 656.206, payment for permanent total disability; ORS 656.208, payment for death occuring during the payment of permanent total disability; ORS 656.210, payment for temporary total disability; ORS 656.212, payment for temporary partial disability; and ORS 656.214, payment for permanent partial disability.

■    While subsection (4) of the statute was not in existence at the time of claimant's initial claim, it was in effect when claimant requested a hearing on the extent of disability. We cannot ignore it, for it clarifies the intent of the legislature to include within the "compensation" that shall not be stayed under subsection (1) awards determining the extent of disability. By providing that payment of disability in any degree shall not be stayed, the legislature must have necessarily intended that a determination of extent of disability would not be stayed pending an appeal of compensability, for that would effectively defeat the purpose of subsection (1). We so hold.

The Court of Appeals is affirmed.

---

[5] ORS 656.005 provides the general definition of "compensation" and includes the payment of medical benefits.