In the Matter of the Compensation of
Charles R. Wright, Claimant.

## WRIGHT,
*Petitioner,*

*v.*

## STATE ACCIDENT INSURANCE FUND
## CORPORATION,
*Respondent.*

(WCB No. 80-11470; CA A32668)

709 P2d 755

Bradford J. Aspell, Klamath Falls, argued the cause and filed the brief for petitioner.

Donna Parton Garaventa, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

Claimant seeks review of a Workers' Compensation Board order which held that the Evaluation Division had no jurisdiction to determine the extent of disability due to his pulmonary condition.

Claimant, a firefighter, filed a claim for compensation due to chest pains which prevented him from working. There apparently arose a question as to whether his condition was physical or psychological in origin. SAIF denied the claim; the referee determined that it was compensable and that he qualified under the "fireman's presumption."

Pending SAIF's appeal to the Board on the compensability question, the Workers' Compensation Department issued a determination order awarding 25 percent permanent partial disability for psychological illness. The Board upheld the referee's order as to compensability. On SAIF's petition for review, we reversed, holding that the "fireman's presumption" had been overcome by the evidence. *Wright v. SAIF*, 43 Or App 279, 602 P2d 1086 (1979). Our decision was reversed by the Supreme Court, *Wright v. SAIF*, 289 Or 323, 613 P2d 755 (1980), and on remand we affirmed the Board. 48 Or App 867, 618 P2d 18 (1980). Shortly thereafter, claimant filed a request for a hearing on the issue of the extent of physical disability due to the pulmonary condition. The referee held that he was permanently and totally disabled but then vacated her order and remanded the claim to the Evaluation Division for the issuance of a determination order. On SAIF's and claimant's petitions for review, the Board held that the Evaluation Division had no jurisdiction to rate or to consider the extent of claimant's disability, because the department had already issued a determination order on extent of disability which was not timely appealed.[1] The Board relied on *SAIF v. Maddox*, 295 Or 448, 667 P2d 529 (1983).

---

[1] In addition to holding that claimant was not entitled to a second determination order, the Board remanded the case for consideration of the merits of an aggravation claim for the alleged physical component of his injury. That claim is not before us, and that portion of the order is not affected by our decision. The Board's order appealed here is subject to judicial review only on the separate issue of claimant's right to a determination order on the original claim. *Price v. SAIF*, 296 Or 311, 675 P2d 479 (1984).

■ Claimant asserts that there has been no determination of the extent of his physical disability, because, at the time the determination order was issued, the compensability of his condition was still under appeal. SAIF argues that the determination order awarding 25 percent disability for *psychological* illness also disposed of claimant's contention that he suffered from a *physical* disability. We agree. He has filed only one claim. While the compensability of that claim was under appeal, the department issued a determination order on extent of disability based on all the information it had before it, including medical records pertinent to the physical component of his disability. Although the determination order did not separately address the physical component, it necessarily determined that all of claimant's disability arising out of the claim was due to psychological illness. He is not entitled to a second determination order. *Day v. SAIF,* 63 Or App 722, 725, 665 P2d 1253 (1983).

■ In the alternative, claimant argues that he is entitled to a hearing on the determination order of May 3, 1979. He contends that the one-year limitation of ORS 656.268(6)[2] was tolled pending SAIF's appeal on the issue of compensability. In *SAIF v. Maddox, supra,* the Supreme Court held that the compensability of a claim need not be determined finally before the extent of disability may be litigated and that a determination of the extent of disability would not be stayed pending an appeal on compensability. The Board here relied on *Maddox* in holding that claimant was required to appeal the determination order. Although we do not agree that *Maddox* is directly applicable, we hold that by virtue of ORS 656.268(6) claimant was required to seek a hearing on the determination order within one year of its issuance. He did not do so.[3]

Affirmed.

---

[2] ORS 656.268(6) provides, in part:

"* * * Any such party may request a hearing under ORS 656.283 on the determination made under subsection (4) of this section within one year after copies of the determination are mailed."

[3] We reject claimant's contention that SAIF should be estopped from asserting the Statute of Limitations defense because it had a policy of resisting appeals on extent of disability while the issue of compensability was on appeal. Claimant and SAIF were adversaries in the proceeding, and he had no reason to rely upon SAIF's erroneous policy as to his right to pursue his claim.