Argued and submitted January 30, affirmed on petition and cross-petition
May 27, 1987

In the Matter of the Compensation of
Charles W. Roller, Claimant.

WEYERHAEUSER COMPANY,
*Petitioner - Cross-Respondent,*

*v.*

ROLLER,
*Respondent - Cross-Petitioner.*

(WCB 82-08886, 83-07686; CA A38972)

737 P2d 625

Allan M. Muir, Portland, argued the cause for petitioner - cross-respondent. On the brief were Cynthia S.C. Shanahan, Lawrence L. Paulson and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Michael M. Bruce, Eugene, argued the cause and filed the brief for respondent - cross-petitioner.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Employer seeks review of an order of the Workers' Compensation Board holding that the referee did not have jurisdiction to review a determination of the Evaluation Division on the extent of claimant's disability. Claimant cross-petitions, contending that the Board erred in not allowing him attorney fees. We affirm.

Claimant was injured in a mill accident in January, 1980. Employer accepted the claim. Shortly thereafter, claimant was found to be suffering from diabetes melitis, which was ultimately found to be related to the injury and was held compensable. However, in January, 1982, employer denied further responsibility for the diabetes, contending that that condition was no longer related to the compensable injury. A referee set aside the denial, and employer appealed to the Board. While that appeal was pending, the Workers' Compensation Department issued a determination order on August 17, 1982, awarding 20 percent unscheduled permanent partial disability. Claimant requested a hearing on that determination. On September 28, 1982, the same date on which the Board received claimant's hearing request, it issued an order on employer's appeal disallowing the claim. On claimant's petition for review, we reversed the Board on April 11, 1984, and remanded the case for reinstatement of the referee's order. *Roller v. Weyerhaeuser Co.*, 67 Or App 583, 679 P2d 341 (1984). Claimant's request for hearing on the determination order of August 17, 1982, was still pending at that time.

On remand, the Board reinstated the referee's order holding the claim compensable. Employer then wrote a letter to the referee, which it intended to be a cross-appeal from the determination order, in which it asserted that claimant was not entitled to an award of any permanent partial disability. At the beginning of the hearing on the determination order, claimant withdrew his request for a hearing. Over claimant's objection, the referee held that he could consider employer's evidence regarding extent, and determined that claimant was not entitled to any permanent partial disability. The Board reversed the referee on the ground that the referee did not have jurisdiction to consider employer's request for a reduction of the disability award, because employer had not filed a

request for hearing within one year of the determination order, as required by ORS 656.268.

The Board relied in part on *SAIF v. Maddox,* 295 Or 448, 667 P2d 529 (1983). There, the Supreme Court held that a referee has jurisdiction to enter an order rating the extent of disability if the claimant's condition had once been determined to be compensable, even if the issue of compensability is still the subject of a pending appeal. The Supreme Court relied on ORS 656.313 to support its conclusion that an employer may be required to litigate the question of the extent of disability while the issue of compensability is pending. ORS 656.313(1) provides:

> "Filing by an employer or the State Accident Insurance Fund Corporation of a request for review or court appeal shall not stay payment of compensation to a claimant."

Recognizing that "compensation" as used in ORS 656.313(1) and as defined in ORS 656.313(4) includes certain benefits which are awarded only after a determination of the extent of disability, the court concluded that, because the payment of compensation is not stayed pending an appeal by an employer, the litigation of the extent of disability necessarily is not stayed pending the litigation of compensability.

Employer contends that *SAIF v. Maddox, supra,* is limited by its facts and by ORS 656.313 to the case where an *employer* appeals an order upholding the compensability of a claim and should not apply when, as here, the *claimant* has sought review of a Board order disallowing the claim. The court did not so limit its holding, and we are persuaded that that would not be a correct result. Only an employer or insurer would appeal a referee's determination that a claim is compensable and, under *Maddox,* a determination of the extent of disability is not stayed pending that appeal. If the employer then prevailed before the Board on the question of compensability, employer's interpretation would require that the determination of extent be stayed pending the claimant's petition for review by the Court of Appeals. If the claimant prevailed here, the rationale of *Maddox* is that the question of extent may be litigated pending the employer's petition for review to the Supreme Court. Thus, employer's suggested interpretation of *Maddox* would create more chaos in what is already a complicated procedure, leaving uncertain at every

juncture the continuing significance of the existing determination order.

■■■ We conclude that the more stable approach, and the one that the rationale of *Maddox* appears to require, is that, once there has been a determination of the extent of disability, that issue may be litigated finally and independently of the continuing litigation on compensability. The requirement of ORS 656.268 that a party seek a hearing within one year of the issuance of a determination order is not tolled pending the claimant's appeal from a Board order finding the claim to be noncompensable, because the determination of extent of disability is not stayed at any point in the litigation of compensability. *See Wright v. SAIF,* 76 Or App 479, 709 P2d 755 (1985), *rev den* 300 Or 605 (1986). We recognize the apparent anomaly of requiring an employer to request a hearing on a determination order after the Board has decided that the claim is not compensable. However, if the employer wishes to challenge the determination order, it has, by statute, only one year within which to do so. The Board correctly reversed the referee.[1]

Claimant contends in his cross-petition that he is entitled to insurer-paid attorney fees under ORS 656.382(2)[2] for prevailing before the Board on employer's challenge of the determination order.

■■ ■■ ORS 656.382 authorizes an award of insurer-paid attorney fees if the claimant prevails on an appeal initiated by the insurer or the employer. Here, *claimant* initiated the appeal to the Board. He is not entitled to attorney fees under ORS 656.382, or under any other section.[3]

---

[1] We do not decide whether the Board's adjudication of noncompensability stayed employer's obligation *to pay benefits* as ordered by the Department in the determination order.

[2] ORS 656.382(2) provides:

"If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."

[3] Before the Board, claimant asserted that he was entitled to attorney fees under

Affirmed on petition and on cross-petition.

---

ORS 656.386(1). The Board correctly held that ORS 656.386(1) does not authorize an award of insurer-paid attorney fees when a claimant prevails only on extent of disability.