Argued and submitted October 25, 1991, reversed and remanded February 26, reconsideration denied June 3, petition for review pending 1992

In the Matter of the Compensation of
Glen D. Roles, Claimant.

## SAIF CORPORATION
and Nordstrand Cedar,
*Respondents,*

*v.*

Glen D. ROLES,
*Petitioner.*

(88-19267, 89-06314; CA A63713 (Control))

In the Matter of the Compensation of
Glen D. Roles, Claimant.

Glen D. ROLES,
*Petitioner,*

*v.*

## SAIF CORPORATION
and Nordstrand Cedar,
*Respondents.*

(89-14455, 90-02445; CA A68593)
(Cases Consolidated)

826 P2d 1039

Robert Wollheim, Portland, argued the cause for petitioner. With him on the brief were Jonathan H. Fink and Welch, Bruun & Green, Portland.

David L. Runner, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

**EDMONDS, J.**

Claimant seeks review of two Workers' Compensation Board orders that reversed referees' orders awarding claimant temporary total disability benefits (TTD), attorney fees and penalties. We reverse.

Claimant compensably injured his left arm in June, 1980. The claim was closed by a 1982 determination order that awarded him permanent partial disability (PPD). Between 1983 and 1986, the claim was re-opened and re-closed four times. A February, 1984, order granted claimant additional PPD. Subsequent determination orders did not award any additional PPD, but did award him TTD from January 15, 1986, to March 3, 1986. Claimant's requests for hearings on the determination orders were dismissed in September, 1987. After he had received vocational training, a November, 1986, determination order awarded no additional PPD. In March 1987, claimant underwent a surgical procedure, and that claim was closed in February, 1988, without an award of additional PPD.

The Board describes what happened next:

"On or about February 23, 1988, claimant requested a hearing contesting a February 17, 1988 Determination Order. At the hearing, claimant requested that Referee Michael Johnson set aside four prior Determination Orders, which issued February 8, 1984, February 16, 1984, April 26, 1985, and November 18, 1986. Johnson [set aside the orders and] ordered payment of over $10,000 in what he characterized as temporary total disability compensation [for the period of September 6, 1983, to November 2, 1987]. SAIF did not pay. Claimant requested a hearing, seeking enforcement of Johnson's order. After a February 1989 hearing, Referee Harri ordered SAIF to pay the monies ordered by Johnson and assessed a 25 percent penalty and related attorney fee for SAIF's failure to comply.

"SAIF did not pay. Claimant requested another hearing, seeking only penalties and related attorney fees. Referee Emerson awarded an additional 15 percent penalty and a related attorney fee for SAIF's failure to comply with Harri's enforcement order.

"SAIF still did not pay. Claimant requested a fourth hearing, seeking penalties and attorney fees for SAIF's continued failure to comply with Harri's order. Referee Podnar,

in WCB Case No. 89-14455, noted that Emerson had already penalized SAIF for refusing to comply with Harri's order. Podnar also noted that the most recent order requiring payment of anything other than penalties and associated attorney fees was Harri's. Podnar dismissed claimant's request for a hearing, because he found no basis to award an additional or continuing penalty."

Thereafter, SAIF requested board review of the orders issued by referees Johnson, Harri and Emerson and argued that Johnson did not have jurisdiction, because a timely request for hearing had not been made regarding the determination orders that Johnson had set aside. In its review of Johnson's order, the Board concluded that Johnson had jurisdiction; however, it held for SAIF on the merits and reversed Johnson's award of compensation.[1] On the same day, the Board affirmed Harri's and Emerson's orders,[2] except for the award of penalties. SAIF filed a petition for judicial review of Johnson's order. Claimant moved to dismiss, and SAIF did not oppose the motion. We entered an order of dismissal in October, 1990.

In the meantime, SAIF continued to resist paying claimant TTD, so he sought yet another hearing regarding SAIF's liability for penalties. In March, 1990, Referee Peterson concluded that, under the circumstances, it was not unreasonable for SAIF to refuse to pay TTD and entered an order dismissing the request for hearing.

SAIF sought judicial review of the Harri/Emerson order, which had adopted Johnson's order for TTD. Claimant filed a cross-petition for judicial review but, before we rendered a decision, the Board withdrew its order. The Board then issued an order on reconsideration, in which it concluded that Johnson lacked jurisdiction to issue his order, because claimant's requests for hearing were made more than a year after the determination orders that were the subject of the requests. Therefore, it held that Harri's order requiring SAIF to pay TTD was void. It also said:

---

[1] The Board reversed the portions of Johnson's order that gave rise to the enforcement actions heard by Harri and Emerson. Its order reinstated the four determination orders that Johnson had set aside.

[2] Harri's and Emerson's orders were consolidated for review.

"[E]ven if the issue were not 'jurisdiction' *per se*, Johnson lacked statutory authority to act. It is fundamental that an administrative agency does not have substantive authority beyond that delegated by the legislature. *Former* ORS 656.319(4) provides that a hearing 'shall not be held' if the request for hearing is not timely filed."

On that basis, it concluded that SAIF had not unreasonably resisted the payment of compensation and that SAIF could not be held liable for attorney fees or penalties. On the same day, the Board issued its order regarding Podnar's and Peterson's orders[3] and affirmed the denial of additional attorney fees and penalties on the basis of the conclusion that Johnson's order was void.

Claimant seeks judicial review of the Harri/Emerson order on reconsideration and the Podnar/Peterson order. He seeks reinstatement of Harri's and Emerson's orders and additional penalties and attorney fees for SAIF's failure to pay the compensation ordered by Johnson. In the alternative, claimant argues that the Board erred in not ordering SAIF to pay him TTD while Johnson's and Harri's orders were pending on review. Claimant also seeks penalties and attorney fees in connection with those claims. SAIF argues that Johnson's order was void for lack of jurisdiction, because the request for hearing was not timely filed. Therefore, according to SAIF, because the order was a nullity, it could not give rise to a duty to pay the compensation ordered by Johnson or to any subsequent duty to pay TTD.

Johnson's order is not void for want of jurisdiction. A judgment is void only when the tribunal rendering it has no jurisdiction of the parties or the subject matter. *Dolph v. Barney*, 5 Or 191, 211 (1874), *aff'd* 97 US 652 (1878). Subject matter jurisdiction depends on whether the tribunal has the authority to make an inquiry. It exists when a statute authorizes the tribunal to do something about the dispute. *See Callahan v. Employment Division*, 97 Or App 234, 238, 776 P2d 21 (1989). Johnson had authority under ORS 656.708[4]

---

[3] These orders also were consolidated for review.

[4] ORS 656.708 provides, in part:

"The Hearings Division is continued within the board. The division has the responsibility for providing an impartial forum for deciding * * * all cases, disputes and controversies regarding *matters concerning a claim* under [ORS chapter 656]." (Emphasis supplied.)

and ORS 656.704(3)[5] to decide the issue in dispute. Although the request for hearing was subject to denial as untimely under ORS 656.268(6)[6] (*since amended by* Or Laws 1990, ch 2, § 16; Or Laws 1991, ch 502, § 1) and ORS 656.319(4) (*since amended by* Or Laws 1990, ch 2, § 24),[7] and Johnson may have erroneously exercised his authority when he denied SAIF's motion to dismiss, his erroneous exercise of that authority did not deprive him of subject matter jurisdiction. *See Goss v. Wilkins*, 80 Or App 241, 721 P2d 884, *rev den* 302 Or 35 (1986).

The Board's reliance on *Weyerhaeuser Co. v. Roller*, 85 Or App 500, 737 P2d 625 (1987), as support for the proposition that a referee lacks jurisdiction when there is no timely request for a hearing regarding a determination order, is misplaced. Although, in that case, we affirmed a Board order that held that the referee did not have jurisdiction to review a determination order in those circumstances, we did not decide the issue on the basis of subject matter jurisdiction. We held only that the requirement that the parties seek a hearing within one year of the issuance of a determination order was not tolled pending a petition for review of a Board order that held the claim to be noncompensable.

The Board's decision holding Johnson's order void is erroneous. However, that does not aid claimant's cause. When the Board reversed the award of TTD and reinstated the determination orders, and we dismissed the appeal, an award of TTD for the period of September 6, 1983, to November 2, 1987, was precluded.

---

[5] ORS 656.704(3) provides, in part:

"For the purpose of determining the respective authority of the director and the board to conduct hearings, investigations and other proceedings under this chapter, and for determining the procedure for the conduct and review thereof, *matters concerning a claim under [ORS chapter 656] are those matters in which a worker's right to receive compensation, or the amount thereof, are directly in issue.*" (Emphasis supplied.)

[6] In 1988, ORS 656.268(6) provided, in part:

"Any * * * party may request a hearing under ORS 656.283 on the determination made under subsection (4) of this section within one year after copies of the determination are mailed."

[7] At the relevant time, ORS 656.319(4) provided:

"With respect to objections to a determination * * *, a hearing on such objections shall not be granted unless a request for hearing is filed within 180 days after the copies of the determination * * * were mailed to the parties."

The Board predicated its denial of TTD, penalties and attorney fees for the periods of time subsequent to Johnson's order on its determination that the order was void. Because it is not void, the Board must now consider whether claimant was entitled to TTD while review was pending before it. *See* ORS 656.313(1) (*since amended by* Or Laws 1990, ch 2, § 23).[8] We remand to the Board to determine the issues of TTD, penalties and attorney fees in the light of our holding that Johnson's order was not void. As a result, we need not discuss claimant's other assignments of error.

Reversed and remanded for proceedings not inconsistent with this opinion.

---

[8] At the time of these proceedings, ORS 656.313(1) provided:

"Filing by an employer or the insurer of a request for review or court appeal shall not stay payment of compensation to a claimant."