EBI COMPANIES,
*Petitioner,*

*v.*

DEPARTMENT OF INSURANCE
AND FINANCE,
*Respondent.*

(91-002; CA A71689)

834 P2d 539

Jerald P. Keene, Portland, argued the cause for petitioner. With him on the brief was Roberts, Reinisch, MacKenzie, Healey & Wilson, P.C., Portland.

David L. Runner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

Warren, P. J., dissenting.

## EDMONDS, J.

This case is a sequel to *Independent Paper Stock v. Wincer*, 100 Or App 625, 788 P2d 466, *rev den* 310 Or 195 (1990). EBI seeks review of an order of the Department of Insurance and Finance (DIF) that denied its request for reimbursement of permanent total disability benefits that it had paid pursuant to an order of the Workers' Compensation Board. We reverse.

Although claimant had exhausted his rights to request further benefits, the Board ordered EBI to reopen the claim in 1988 pursuant to ORS 656.278(1).[1] EBI protested that the Board no longer had authority to award permanent disability after the amendment of ORS 656.278, which became effective January 1, 1988. The Board disagreed. EBI paid the award and sought judicial review. We reversed, holding, in *Independent Paper Stock v. Wincer, supra*, that the Board lacked own motion authority to make a permanent disability award. Before our decision was published, EBI submitted a request for reimbursement from the Reopened Claims Reserve (Reserve). After the decision was published, DIF denied the request on the basis that it had no authority to reimburse benefits paid as permanent disability compensation. It reasoned that, because the Board's award of permanent disability was not authorized, reimbursement from the Reserve was not authorized.

■  The issue is whether the legislature intended to allow reimbursement under ORS 656.625(1) when the Board has

---

[1] ORS 656.278(1) provides:

"Except as provided in subsection (5) of this section, the power and jurisdiction of the board shall be continuing, and it may, upon its own motion, from time to time modify, change or terminate former findings, orders or awards if in its opinion such action is justified in those cases in which:

"(a) There is a *worsening of a compensable injury that requires either* inpatient or outpatient surgery or other treatment requiring hospitalization. In such cases, the board may authorize the payment of temporary disability compensation from the time the worker is actually hospitalized or undergoes outpatient surgery until the worker's condition becomes medically stationary, as determined by the board; or

"(b) The date of injury is earlier than January 1, 1966. In such cases, in addition to the payment of temporary disability compensation, the board may authorize payment of medical benefits."

erroneously awarded benefits under ORS 656.278. The starting point is the language of the statute. ORS 656.625(1) provides:

> "The director shall establish a Reopened Claims Reserve within the Insurance and Finance Fund, for the purpose of reimbursing the additional amounts of compensation payable to injured workers that results from any award made by the board pursuant to ORS 656.278 after January 1, 1988."

We need not resort to rules of statutory construction or to legislative history if the language of the statute itself expresses the intent of the legislature. *Whipple v. Howser*, 291 Or 475, 481, 632 P2d 782 (1981). The Reserve was established to reimburse amounts of compensation payable to injured workers "that results from *any* award made by the board *pursuant* to ORS 656.278 after January 1, 1988." (Emphasis supplied.) EBI paid claimant's benefits on the basis of an award made "pursuant to ORS 656.278." Although the award resulted from an erroneous exercise of the Board's authority, it still was an award "pursuant" to that statute. *See SAIF v. Roles*, 111 Or App 597, 601-02, 826 P2d 1039 (1992).

The dissent would rewrite ORS 656.625(1) to say that the legislature intended that the award must be "authorized" by ORS 656.278 and, therefore, EBI is not entitled to reimbursement, even though it has paid an award that the claimant is not obligated to repay by reason of ORS 656.313(2). Our mandate is "not to insert what has been omitted." ORS 174.010. If the legislature had intended that result, it would have said so.[2] Moreover, the dissent's and DIF's interpretation put EBI in a dilemma, because it could not have refused to pay the award without subjecting itself to

---

[2] The language of what would become ORS 656.625 was originally introduced as part of 1987 House Bill 2103. House Bill 2900 replaced House Bill 2103 but included many of the same provisions. Early drafts of what would become ORS 656.625(1) said:

> "The director shall establish a Reopened Claims Reserve within the Administrative Fund, for the purpose of paying the additional amounts of compensation payable to injured workers that *results from exercise of authority by the board pursuant to ORS 656.278.*" (Emphasis supplied.)

Exhibit F, House Committee on Labor, April 29, 1987; Exhibit A, House Committee on Labor, May 1, 1987; Exhibit F, House Committee on Labor, May 6, 1987. It is not clear from the legislative history why or when the language was changed.

greater potential liability. EBI raised the appropriate argument before the Board, and it was rejected. Even though EBI sought review, it was obligated under ORS 656.313(1) (*since amended by* Or Laws 1990, ch 2, § 23)[3] to pay the award or risk the imposition of a penalty and attorney fees. *See* ORS 656.382(1); ORS 656.262(10). Finally, it is unlikely that the legislature would have intended to preclude an insurer that complied with the Board's order from obtaining reimbursement because the Board, not the insurer, erred. We conclude that, because the award was paid "pursuant to ORS 656.278," EBI is entitled to reimbursement.

Reversed and remanded with instructions to allow reimbursement.

**WARREN, P. J.,** dissenting.

ORS 656.625(1) permits an insurer to recover reimbursement for "the additional amounts of compensation payable to injured workers that results from any award made by the board *pursuant to ORS 656.278.*" (Emphasis added.) Without citing any persuasive authority,[1] or providing any rationale, the majority concludes that an award that results from an erroneous exercise of the Board's authority under ORS 656.278 is still an award issued "pursuant to" that statute. Because an action that is not authorized by a statute is not an action taken pursuant to that statute, I dissent.

Our role in construing a statute is to ascertain the intent of the legislature. ORS 174.020. We begin with the words of the statute. ORS 174.010; *Whipple v. Howser*, 291 Or 475, 479, 632 P2d 782 (1981). However, when those words do not provide sufficient insight into the legislature's intent, they are ambiguous, and we must look beyond those words to divine that intent. *Mattiza v. Foster*, 311 Or 1, 4, 803 P2d 723 (1991). No matter how apparent the meaning of a statute may be, if we cannot tell whether the legislature intended a statute

---

[3] ORS 656.313(1) provided:

"Filing by an employer or the insurer of a request for review or court appeal shall not stay payment of compensation to a claimant."

[1] The majority cites *SAIF v. Roles*, 111 Or App 597, 601, 826 P2d 1039 (1992). That case says that the Board does not lack subject matter jurisdiction simply because an action is unauthorized. It does not say that authorized and "pursuant to" are synonymous.

to apply in a particular context, we must resort to extrinsic aids to construction.

The words "pursuant to," as used in ORS 656.625, do not unambiguously express whether the legislature intended ORS 656.625 to apply when the Board erroneously exercises its authority under ORS 656.278 or, rather, only when the Board properly exercises its authority under that statute. Accordingly, we may resort to extrinsic aids to construction to divine the meaning of those terms.

The legislative history reveals that, when first introduced, the drafts of what became ORS 656.625(1) provided:

"The director shall establish a Reopened Claims Reserve * * * for the purpose of paying the additional amounts of compensation payable to injured workers that results from *exercise of authority* by the board pursuant to ORS 656.278." (Emphasis supplied.) Exhibit F, House Committee on Labor, April 29, 1987; Exhibit A, House Committee on Labor, May 1, 1987; Exhibit F, House Committee on Labor, May 6, 1987.

ORS 656.625(1) now provides:

"The director shall establish a Reopened Claims Reserve * * * for the purpose of reimbursing additional amounts of compensation payable to injured workers that results from *any award made* by the board pursuant to ORS 656.278 after January 1, 1988."

It is unclear from the legislative history why or when the language "exercise of authority" changed to "any award made." Presumably, had the legislature intended that change to alter the substance of the statute, it would have discussed the change, either in committee or on the floor. No discussions were recorded. Therefore, we should infer that the change was intended to be a technical refinement. So construed, the changed language merely reflects the truism that, pursuant to ORS 656.278, the only "exercise of authority" by the Board that can result in a reimbursable expenditure is the making of an award. The change was not intended to dispense with the requirement that the Board validly exercise its authority before an insurer can seek reimbursement for an award.

I dissent.