Argued August 29, remanded with directions October 30, 1978

# SCHURMAN, *Petitioner,*
### *v.*
# BUREAU OF LABOR, *Respondent.*
### (No. 1-77, CA 10807)
585 P2d 758

Keith Raines, Portland, argued the cause for petitioner. With him on the brief was Curtis G. Oler, San Francisco, California.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Gillette and Roberts, Judges.

GILLETTE, J.

**GILLETTE, J.**

Petitioner seeks review of an order issued by the Bureau of Labor (Bureau) revoking petitioner's business license. At issue is the Bureau's jurisdiction to revoke a license which had already expired by operation of law. We think the Bureau had no such jurisdiction, and remand for dismissal.

Petitioner (Schurman) was the owner of a private employment agency, French & French International, Inc. (dba French & French), duly licensed by the Bureau of Labor as of December, 1975. On November 15, 1976, petitioner was notified of a proposed revocation or suspension of its license for alleged violations of certain portions of ORS chapter 658. Petitioner requested a contested case hearing in the matter.

Employment agencies are regulated by ORS chapter 658 which, among other things, provides for the issuance and revocation of licenses required for such agencies. The license expiration and renewal statute, ORS 658.095, provides in part:

"(1) Licenses shall expire on December 31 of each year, unless sooner revoked.

"(2) Applications for renewal shall be made before January 1 of each year * * *."[1]

As of December 31, 1976, petitioner had not filed an application for renewal of its license. Accordingly, by operation of ORS 658.095(1), petitioner's license expired on December 31, 1976.

---

[1] ORS 183.430(1) provides:

"(1) In the case of any license which must be periodically renewed, where the licensee has made timely application for renewal in accordance with the rules of the agency, such license shall not be deemed to expire, despite any stated expiration date thereon, until the agency concerned has issued a formal order of grant or denial of such renewal. In case an agency proposes to refuse to renew such license, upon demand of the licensee, the agency must grant hearing as provided by ORS 183.310 to 183.500 before issuance of order of refusal to renew. This subsection does not apply to any emergency or temporary permit or license."

In other words, a license will expire on December 31 of each year, unless it is revoked prior to that time or unless the licensee has made timely application for renewal.

On January 16, 1977, the Bureau of Labor notified petitioner that the revocation hearing would be held on February 8, 1977. Petitioner moved to dismiss and cancel the hearing on the ground that the Bureau of Labor lacked jurisdiction to conduct the hearing because the license which was to be the subject of the proceeding had already expired. The motion was denied and the hearing held. On March 21, 1977, the Bureau of Labor issued an order revoking petitioner's license.

The Bureau of Labor purported to act under ORS 658.115, which provides:

> "(1) The Labor Commissioner shall revoke or suspend any license issued under ORS 658.005 to 658.245 whenever it appears to the commissioner that if the licensee were then applying for a license his application should be denied or whenever the licensee has violated any provisions of ORS 658.005 to 658.245 or of the rules and regulations adopted pursuant thereto."

The Bureau argues that the above statute imposes "mandatory requirements upon the Commissioner under circumstances such as are present in these proceedings." The Bureau further argues that the fact that the end of a licensing year has been reached should not affect the necessity for the Bureau to make a final administrative determination as to the alleged statutory revocations charge.

The Bureau is incorrect: nothing in the language of ORS 658.115 suggests that the Bureau has the authority to make such a "final administrative determination" regarding a non-existent license. The statute is addressed to the Bureau's authority to suspend or revoke a license or otherwise penalize a licensee for violations of chapter 658. Where no license exists, the Bureau is without jurisdiction to act.

Because of our disposition of the jurisdictional issue, we need not address petitioner's other contentions.

[ 844 ]

The Bureau's order revoking petitioner's license is vacated, and the case remanded with directions to dismiss the proceedings.