# OREGON OCCUPATIONAL SAFETY AND HEALTH DIVISION,
*Respondent,*

*v.*

# DON WHITAKER LOGGING, INC.,
*Petitioner.*

## (SH-91182; CA A74704)

861 P2d 368

George W. Goodman, McMinnville, argued the cause for petitioner. With him on the brief were Jerry K. Brown and Cummins, Brown, Goodman, Fish & Peterson, P.C., McMinnville.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Deits, Presiding Judge, and Rossman and Riggs, Judges.

DEITS, P. J.

Rossman, J., dissenting.

## DEITS, P. J.

Employer seeks review of an order of the Workers' Compensation Board that denied a request for attorney fees and costs on the ground that the Board lacked authority to make such an award.[1] We affirm.

The parties do not dispute the facts. Following a fatality investigation of employer's premises by the Occupational Safety and Health Division (OSHD), employer was issued three citations for violations of the Oregon Safe Employment Act. Employer requested a hearing to challenge the validity of the citations. ORS 654.078. At the hearing, employer conceded the validity of one of the citations and moved to dismiss the other two. The Board dismissed the two citations but denied employer's request for attorney fees and costs on the basis that it lacked authority to make such an award.[2] The Board subsequently denied reconsideration. Neither party seeks review of the Board's decision on the merits. Employer assigns as error the Board's conclusion that it lacked authority to award attorney fees and costs to employer. We review to determine whether the Board erroneously interpreted a provision of law. ORS 183.482(8)(a).

As a general rule, costs and attorney fees are not recoverable absent a statute or contractual provision authorizing them. *Stelljes/Dumler v. State Board of Parole*, 307 Or 365, 769 P2d 177 (1989). The Oregon Safe Employment Act grants jurisdiction to the Board over contested citation hearings, ORS 654.078(1), but does not authorize the Board to award attorney fees to a prevailing party. Absent this express statutory authority, the Board did not have the authority to grant employer's request.

Employer argues that the Board's rule authorizing it to "[t]ake any * * * action necessary for a full and fair disposition of the case" expressly authorizes it to award attorney fees. OAR 438-85-805(12). However, even assuming this rule could be read to authorize an award of attorney fees, it would not provide the necessary authority. The Board's

---

[1] Employer seeks review of the original order issued by the Board on March 2, 1992, as well as the Board's order issued on reconsideration on October 9, 1992.

[2] The Board invalidated both citations for inadequate documentation of OSHD's investigation.

powers are limited to those delegated to it by statute. *U. of O. Co-Oper. v. Dept. of Rev.*, 273 Or 539, 550, 542 P2d 900 (1975). Where, as here, the statute does not authorize an award, the agency cannot create that authority by administrative rule.

██ Employer next argues that the Board had discretion to award attorney fees under the "equitable exception" to the general rule. The basis of that exception is the inherent power of courts of equity to award attorney fees in some circumstances, even in the absence of specific statutory authority. *Deras v. Myers*, 272 Or 47, 66, 535 P2d 541 (1975). Administrative agencies, however, are creatures of statute and do not have the powers of a court of equity. Rather, they are limited to the authority conferred on them by statute. *See Ochoco Const. v. DLCD*, 295 Or 422, 426, 667 P2d 499 (1983). The Board did not err in denying employer's request for attorney fees and costs.

Affirmed.

**ROSSMAN, J.,** dissenting.

Because I would award employer attorney fees, I dissent.

OOSHD's safety compliance officer (SCO) inspected employer's work site after a fatal accident. The SCO documented suspected violations, summarized his findings and made recommendations. The SCO forwarded his papers to his supervisor for review. Two pages, including the summation and recommendations, were irretrievably discarded by the SCO's supervisors before copies were sent to employer. The SCO was instructed to produce acceptable replacements. OOSHD subsequently issued a citation based on the recreated documentation. The Board's referee held that the investigation of that violation was invalid due to OOSHD's failure to provide investigative documents to employer.

The referee found that the equities weigh in favor of an award of attorney fees, a determination that has never been challenged. However, the referee declined to award attorney fees, on the ground that he lacked authority to do so in the absence of a specific statutory provision authorizing an award of fees.

The Board's administrative rule, OAR 438-85-805 (12), essentially confers on the referee the same kind of equitable powers as possessed by the circuit court, this state's court of general jurisdiction. It provides:

> "It is the duty of the Referee to conduct a fair and impartial Hearing and avoid delay. The Referee has the authority to:
>
> "* * * * *
>
> "(12) *Take any other action necessary for full and fair disposition of the case.*" (Emphasis supplied.)

In my view, the rule, which permits the referee to "take any action" necessary for *full and fair* disposition of the case, would certainly permit the referee to make an award of attorney fees under the circumstances of this case. I recognize that such a determination is contingent on whether such power exists in the Board. As the majority has said, the Board's authority to award attorney fees must come from the statutes, not administrative rules. It then concludes that there is no statute authorizing an award of fees in this case, and that the Board has no inherent power to award attorney fees. Accordingly, despite the broad reach of the administrative rule, the referee has no authority to award fees.

I look at it somewhat differently. Any time we have the opportunity to salvage a rule that directs the bureaucracy to be fair, I believe we should give that rule every reasonable chance to succeed. Although it is true that there is no statute expressly allowing the award of attorney fees in this kind of case, that does not end the inquiry.

The legislature has delegated to the Department of Insurance and Finance, and to the Workers' Compensation Board specifically, broad authority to accomplish its purpose of enforcing and ensuring compliance with the Oregon Safe Employment Act. *See* ORS 654.003. Under ORS 654.025(5), the Board has authority to

> "do and perform all things whether specifically designated in [the Oregon Safe Employment Act] or in addition thereto, which are necessary or convenient in the exercise of any power, authority or jurisdiction conferred."

That delegation implicitly includes many of the equitable powers possessed by courts, and authorizes the Board to

promulgate rules such as OAR 438-85-805, which is broad enough to encompass an award of attorney fees. I would hold that, included among the Board's authority is the power to award attorney fees when such an award is necessary to ensure compliance with the Act or to make a full and fair disposition of the case. Here, an attorney fee is appropriate as a sanction against OOSHD for its failure to comply with the Act and the rules promulgated thereunder, and would be consistent with the express policy of the legislature. *Compare* ORCP 17. Because I conclude that the statutes authorize such an award of fees, I would reverse the Board and remand the case for reconsideration.