Argued and submitted July 3, affirmed October 22, 1997

In the Matter of the Compensation of
Patricia J. Hofstetter, Claimant.

## FRED MEYER, INC.,
*Petitioner,*

*v.*

## Patricia J. HOFSTETTER,
*Respondent.*

(96-01165 and 95-10561; CA A96104)

950 P2d 322

Paul L. Roess argued the cause for petitioner. With him on the brief was Moscato, Skopil & Hallock.

Robert Wollheim argued the cause for respondent. With him on the brief was Welch, Bruun, Green & Wollheim.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Employer seeks review of an order of the Workers' Compensation Board (Board) in which the Board set aside employer's denial of claimant's claim and remanded the claim for processing. As part of its decision, the Board declined to address employer's "medical causation" argument on the ground that employer had not previously raised that issue. We review for substantial evidence and errors of law, ORS 656.298(6), ORS 183.482(8), and affirm.

Claimant worked for employer as a data entry clerk. She experienced pain in both shoulders and filed a claim for compensation. Her attending physician diagnosed her condition as a repetitive over-use strain of the shoulder girdle musculatures. Employer asked claimant's attending physician whether there were "objective findings," as that phrase is defined in ORS 656.005(19), to support his diagnosis of the left shoulder condition.[1] After reviewing the statute, the physician responded that there were no objective findings regarding the left shoulder condition. Employer accepted claimant's right shoulder claim but denied the claim for the left shoulder condition.

Claimant sought a hearing on the denial, and the administrative law judge (ALJ) agreed with employer's position. Claimant sought Board review. In its brief before the Board on review, employer asserted that, in addition to there being no objective findings, claimant had not established medical causation. The Board on review held for claimant and declined to address the medical causation issue, reasoning that medical causation had not been adequately raised by employer before the close of the evidentiary record.

Employer moved for reconsideration. On reconsideration, the Board said:

---

[1] ORS 656.005(19) provides:

" 'Objective findings' in support of medical evidence are verifiable indications of injury or disease that may include, but are not limited to, range of motion, atrophy, muscle strength and palpable muscle spasm. 'Objective findings' does not include physical findings or subjective responses to physical examinations that are not reproducible, measurable or observable."

"Based on this record, it appears that the issue litigated at hearing was whether or not there were 'objective findings' of an injury. There was no contention raised on the record that the claim failed because medical causation was not established. A carrier is bound by the express language of its denial. Here, the specific basis given for the denial was a lack of objective findings supporting the claim. Accordingly, we find that the only compensability issue raised at hearing was the issue of whether claimant's claim was supported by 'objective findings.'

"Parties to a workers' compensation proceeding may, by agreement, try an issue that is outside the express terms of the denial. Based upon this transcript, the existence of objective findings was the theory that was raised by the employer at hearing in support of the denial and that was the issue litigated by the parties.

"In *John E. Noyer*, 46 Van Natta 395 (1994), a carrier raised a 'causation' theory at hearing even though the carrier's denial had only denied the claim based on a lack of 'objective findings.' The Board found that, by raising the 'causation' theory, the carrier had amended its denial. Accordingly, the Board remanded to allow claimant to respond to the 'amended' denial. Here, in contrast to *Noyer*, the employer did not seek to amend its denial at hearing and, according to the record, asserted only that objective findings had not been established. Under such circumstances, we find that there was no attempt to amend the denial at hearing.

"To allow the employer to raise a new defense after the close of the evidentiary hearing would prejudice claimant if the case were resolved on that basis. Based on the employer's denial, the claim was denied because there were no 'objective findings.' Based on the record at hearing, whether there were 'objective findings' was the issue litigated. To decide the case on a different basis than was litigated at the hearing would be fundamentally unfair." (Citations omitted.)

Accordingly, the Board adhered to its earlier decision not to address the issue of medical causation.

■ The only issue before us on review is whether the Board was required to decide whether claimant proved medical causation. First, we inquire as to whether employer's

denial raised the issue of medical causation. OAR 438-005-0060 provides, in part:

> "Every notice of partial denial shall set forth with particularity the injury, condition, benefit or service for which liability is denied *and the factual and legal reasons therefor*." (Emphasis supplied.)

Employer's denial said:

> "We are denying compensability of your left shoulder strain claim because Dr. Davis reports there are no objective findings.
>
> "Therefore, without waiving further questions of compensability, we issue the denial of your claim for benefits."

The second sentence of the partial denial, while apparently attempting to reserve the right to raise other "questions of compensability," does not affirmatively "set forth with particularity" the lack of medical causation as a reason for the denial as required by OAR 438-005-0060. Employer argues that the issues of whether there are objective findings and whether there is evidence of medical causation are inextricably intertwined. In other words, to raise one issue necessarily results in the other being raised, according to employer. Employer is mistaken. "Objective findings" refer to "verifiable indications of injury or disease," while medical causation pertains to the causal link between the claimed injury or disease and the employment. The Board's conclusion that the denial did not raise the issue of medical causation is correct.

Next, the Board reviewed the record to determine whether the parties had tried the issue of medical causation by consent, or if employer had amended the denial before the hearing before the ALJ. In its order, the Board reviewed the correspondence between employer and claimant[2] and employer's opening statement[3] at hearing and found that the

---

[2] The Board's order states, "A letter from the employer's claims processor to claimant's attorney also indicates that the [left] shoulder claim was being denied 'because there are no objective findings.' "

[3] The board quoted the following passage from employer's opening statement in its order:

"'* * * I wrote Dr. Davis a letter * * *. And in that I just listed or wrote out the statutory definition of objective findings. I said, this is what the objective—how

only issue raised by employer at any stage of the proceedings was whether there were objective findings regarding the left shoulder condition. Furthermore, the Board found no mention of the issue of medical causation in the record.[4]

It is generally recognized that the Board has discretion on whether to reach issues not raised before the ALJ. *Wright Schuchart Harbor v. Johnson,* 133 Or App 680, 685, 893 P2d 560 (1995). In this case, the Board declined to exercise its discretionary authority to review employer's argument because of its concern that claimant had not been put on notice that medical causation was at issue before the evidentiary record was made. It concluded that claimant would be unfairly prejudiced if it were to decide that issue on the record before it. In view of its findings, the Board did not abuse its discretion in refusing to consider the issue of medical causation.

Affirmed.

---

objective findings are defined by 656.005(19). And I—the letter goes on to ask [claimant] mention (*sic*) that she had some left-sided complaints, are there objective findings. And so he responded that—on January 5 and said, "you are correct in your understanding that [claimant] had some left-sided shoulder complaints, but at the time I saw her, there were no objective findings to support her problem," so [employer] issued the Denial on the basis that there wasn't any—weren't any objective findings to support the left-sided complaints. And Dr. Davis was the treating physician for all those left—for all those shoulder complaints, so that's why the denial was issued.' " (Alterations in original.)

[4] In a memorandum of additional authorities and at oral argument before this court, employer argued that its "Response to Issues" form, where it marked the box denying "That claimant sustained a work-related accidental injury or occupational disease" was sufficient to put claimant on notice with respect to the medical causation issue. Employer failed to raise that argument to the Board and we will not consider it for the first time on review.