Argued and submitted June 23, 1997, affirmed February 25, 1998

RED WILLOW ADOLESCENT CHEMICAL
DEPENDENCY TREATMENT, INC.,
*Petitioner,*

*v.*

CHILDREN'S SERVICES DIVISION,
*Respondent.*

(CA A86877 (Control))

RED WILLOW ADOLESCENT CHEMICAL
DEPENDENCY TREATMENT, INC.,
*Petitioner,*

*v.*

OFFICE OF ALCOHOL AND DRUG
ABUSE PROGRAMS,
*Respondent.*

(CA A86878)
(Cases Consolidated)

954 P2d 1274

Lynn M. Clark argued the cause for petitioner. With him on the briefs was Geil & Clark, P.C.

Richard D. Wasserman, Assistant Attorney General, argued the cause for respondents. With him on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Petitioner Red Willow Adolescent Chemical Dependency Treatment, Inc. (Red Willow) operated a child-care facility and a residential treatment program. It was licensed to do so by two state agencies, the Children's Services Division (since renamed the State Office of Services to Children and Families, or "SOSCF") and the Office of Alcohol and Drug Abuse Programs (OADAP), respectively. Red Willow challenges the validity of final orders of both agencies suspending or revoking Red Willow's licenses. We affirm.

In late 1993, both SOSCF and OADAP conducted an on-site review of Red Willow's facilities. The agencies concluded that conditions at Red Willow posed an imminent serious danger to the health and safety of its residents. On January 28, 1994, SOSCF and OADAP issued orders immediately suspending and revoking Red Willow's license to operate its child-care facility. SOSCF cited as authority for its order ORS 418.260, which provides, in part, that

> "if abuses, derelictions or deficiencies found in a private child-caring agency are determined by [SOSCF] to be or threaten a serious danger to any child or to the public, [SOSCF] may immediately suspend or revoke the agency's license, subject to the provisions of ORS 183.430."

ORS 183.430(2), in part, provides:

> "In any case where the agency finds a serious danger to the public health or safety and sets forth specific reasons for such findings, the agency may suspend or refuse to renew a license without hearing, but if the licensee demands a hearing within 90 days of notice to the licensee of such suspension or refusal to renew, then a hearing must be granted to the licensee as soon as practicable after such demand, and the agency shall issue an order pursuant to such hearing * * * confirming, altering or revoking its earlier order."

OADAP also cited as authority for its action, among other things, ORS 183.430(2).

Red Willow requested a hearing on whether to confirm, alter or revoke the orders of immediate suspension. On February 7, 1994, the two agencies commenced a hearing,

which addressed only the immediate suspension. The hearing concluded March 2, 1994. Following the hearing, Red Willow also requested a separate hearing on whether to confirm, alter or revoke the orders of immediate revocation of the same licenses. Meanwhile, Red Willow's licenses were set to expire on June 30, 1994. Red Willow did not apply to renew either license, and they both expired on that date. On October 24, 1994, SOSCF and OADAP issued orders confirming the immediate suspensions.

SOSCF and OADAP scheduled a hearing on whether to confirm, alter or revoke their orders of immediate revocation. At a prehearing conference, however, the parties agreed that the issue of revocation was moot, because the licenses had since expired. On September 5, 1995, SOSCF and OADAP issued orders dismissing Red Willow's hearing request on that ground. OADAP later revoked its order of immediate revocation. SOSCF did not.

■  On review, Red Willow first argues that both SOSCF and OADAP erred in confirming their orders immediately suspending its licenses. Relying on our opinion in *Schurman v. Bureau of Labor*, 36 Or App 841, 585 P2d 758 (1978), Red Willow argues that, by the time SOSCF and OADAP issued their final orders, its licenses had expired, and both agencies lost jurisdiction to act further. SOSCF and OADAP contend that *Schurman* is distinguishable. We agree with SOSCF and OADAP.

In *Schurman*, the Bureau of Labor issued a notice of *proposed* revocation or suspension of a license to operate as a private employment agency. The agency proceeded under ORS 658.115 (1977), which authorized the Labor Commissioner to revoke or suspend a license for violations of various statutes and regulations.[1] The licensee requested a hearing on the proposal. Before the agency acted on the request, however, the license expired for lack of application for renewal. The agency notified the licensee that it intended to act on the notice of proposed revocation in any event. The licensee

---

[1] The statute has since been amended in a manner not material to the holding of *Shurman* or to this case.

moved to dismiss on the ground that the agency lacked jurisdiction to proceed, the license since having expired. The agency denied the motion, held a hearing and revoked the license. This court held that, because the license no longer existed by the time the agency revoked it, the agency lacked jurisdiction to take the action and its order was void. *Schurman*, 36 Or App at 844.

In this case, both SOSCF and OADAP issued their orders immediately suspending Red Willow's license before the license expired. The subsequent hearing and final orders concerned the validity of those earlier suspension decisions, which occurred when both agencies had jurisdiction to act. The validity of the earlier suspension decisions was not mooted by the later expiration of the licenses, for the suspensions remained part of Red Willow's record and had collateral consequences, including providing a basis for denial of future license applications. *See, e.g.,* OAR 412-24-220(1) (OADAP may deny license application because of past substantial failure to comply with rules).

Moreover, the statute that authorized the agency to act in *Schurman* is materially different from the statutes that authorized SOSCF and OADAP in this case. In *Schurman*, the licensing agency was authorized to take action only with respect to a license. In that context, we held that, when the license expired, there was nothing left upon which the agency could act. In this case, by contrast, ORS 183.430 provides that, when an agency acts summarily to suspend a license and the licensee requests a hearing, a hearing "*must* be granted" and the agency "*shall* issue an order * * * confirming, altering or revoking its earlier order." (Emphasis supplied.) There is no exception permitting agencies to decline to hold hearings merely because, some time after the issuance of an order of immediate suspension, the license has expired for other reasons. That only makes sense. To hold otherwise would mean that licensees would have no avenue for relief from the collateral effects of an order of immediate suspension. We conclude therefore that *Schurman* is inapposite, and the agencies were not without jurisdiction to confirm their earlier orders immediately suspending Red Willow's licenses.

■    Red Willow argues that, if SOSCF and OADAP had jurisdiction to confirm the summary suspensions of the licenses, then the agencies' decision not to hold a hearing on whether to confirm the summary revocation of those licenses must be in error. According to Red Willow, if the agencies had jurisdiction to hold hearings on one matter, they must have had jurisdiction to do likewise with respect to the other. OADAP contends that we need not address Red Willow's argument, because the agency later withdrew its order revoking Red Willow's license. We agree. SOSCF also contends that we need not address Red Willow's argument, albeit for a different reason. According to SOSCF, Red Willow conceded below—rightly or wrongly—that SOSCF lacked jurisdiction to proceed on the confirmation of the summary revocation of the licenses, and Red Willow should not be heard to assert for the first time on review a contrary position. We agree.

Red Willow also asserts numerous other challenges to the lawfulness of the agencies' orders. We have considered each of them and conclude that they do not require discussion.

Affirmed.