Argued and submitted September 10, 1998; resubmitted en banc October 13, 1999, affirmed May 31, 2000

In the Matter of Vocational Assistance.

David GONZALEZ,
*Respondent,*

*v.*

SCHROCK CABINET COMPANY,
*Petitioner,*

*and*

DEPARTMENT OF CONSUMER
AND BUSINESS SERVICES,
*Respondent.*

(H96-056; CA A99970)

4 P3d 74

Vera Langer argued the cause for petitioner. With her on the brief was Scheminske, Lyons & Bussman, LLP.

Michael A. Gilbertson argued the cause and filed the brief for respondent David Gonzalez.

Denise G. Fjordbeck, Assistant Attorney General, argued the cause for respondent Department of Consumer and Business Services. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Deits, Chief Judge, and Edmonds, De Muniz, Landau, Haselton, Armstrong, Linder, Wollheim, Kistler, and Brewer, Judges.

DE MUNIZ, J.

Edmonds, J., concurring.

Landau, J., dissenting.

## DE MUNIZ, J.

Employer petitions for review of an order of the Director of the Department of Consumer and Business Services (Director) finding that claimant is eligible for vocational assistance benefits. We affirm.

■ The parties' dispute involves the 1995 enactment of Senate Bill 369, which divested the Workers' Compensation Board of jurisdiction for vocational assistance matters and vested that jurisdiction in the Director. Under the procedure established by the legislation, the initial decision on a vocational assistance dispute is made by the Rehabilitation Review Unit (RRU), as the Director's designee. A party that is dissatisfied with the order must request a contested case hearing before the Director within 60 days. A final order from the contested case hearing is subject to appellate review under ORS 183.482. The changes became effective on June 7, 1995. The bill's provisions for retroactive application made the new legislation applicable to unresolved claims. *Volk v. America West Airlines*, 135 Or App 565, 568, 899 P2d 746 (1995), *rev den* 322 Or 645 (1996).

To accomplish an orderly processing of cases under the new legislation, the Director adopted *temporary* OAR 436-001-0015 (1995), which provided:

"(1)(a) Any appropriate request for review that was filed with the board or its Hearings Division (the board) before June 7, 1995, where review now lies with the director, will be considered a timely filing with the director provided that:

"(A) the review request filed with the board was timely and consistent with prevailing Oregon law as it existed on the date of such filing; and,

"(B) the requesting party formally files for review in writing with the director within 90 days of the effective date of this rule.

"(b) On or after June 7, 1995 and before September 17, 1995, any appropriate request for review filed with the Board or its Hearings Division (the board) on a matter where review now lies with the director * * * shall be deemed a timely filing with the director provided that:

"(A)   the review request made with the board was within the time lines to file with the director as set forth under the new law; and,

"(B)   the requesting party formally files for review in writing with the director within 90 days of the effective date of this rule.

"* * * * *

"(e)   * * * [T]hese provisions provide a temporary grace period during which a timely filing with the Board will be deemed a filing with the director."

We turn to the case before us. Claimant sustained a compensable back injury in 1993, which resulted in permanent impairment to his low back. He was released to light work, and, in March 1994, employer offered claimant a position as a paint room associate, employer's "only open position." Claimant accepted the offer and began work. However, the position required constant standing and walking, and claimant suffered leg pain while performing the job duties. When he advised his supervisor that he needed to sit down for a few minutes to control his pain, the supervisor sent him home. This occurred on several occasions, and claimant finally stopped returning to work. His employment was terminated, and claimant applied for vocational assistance. On August 2, the RRU issued an order determining that claimant was not eligible for vocational assistance, and claimant filed a request for hearing with the Board pursuant to the pre-1995 version of ORS 656.283. After a hearing, the administrative law judge (ALJ) reversed the RRU's order and found that claimant was eligible for vocational assistance.

Employer sought review by the Board. While employer's request was pending, the legislature enacted the changes to the Board's jurisdiction outlined above. On February 16, 1996, the Board dismissed the vocational assistance matter for lack of jurisdiction and vacated the order that directed employer to provide vocational assistance.[1]

Sixteen days later, claimant filed a request for a contested case hearing with the Director. Employer filed a

---

[1] Claimant did not request review of that order, which became final. Neither party makes any arguments regarding the validity of that order.

motion to dismiss on the ground that claimant's request was not timely. The Director originally allowed employer's motion but withdrew that order and, on reconsideration, held that the time for filing a valid request was "effectively tolled" under the circumstances of this case and denied employer's motion to dismiss. The Director then held that claimant was entitled to vocational assistance.

■ On judicial review, employer first assigns error to the Director's denial of its motion to dismiss. Employer's position is that, as a result of the jurisdictional changes, claimant's original request for a hearing, which was filed with the Board on August 10, 1994, became "ineffective," and, under *temporary* OAR 436-001-0015 (1995), claimant was obligated to refile his request for a contested case hearing with the Director within 90 days from August 18, 1995, the date on which the Director promulgated the rule. Employer argues that, because claimant did not do so, his subsequent March 1996 request was not timely.

Under the rule, the "requesting party" was obligated to refile the request for hearing. Employer's argument, thus, is predicated on its position that claimant was the "requesting party." However, that is not how the Director interpreted his rule. The Director held that claimant had complied with the administrative procedure applicable when he requested a hearing on the denial of vocational assistance and that the proceedings before the Board did not conclude until after expiration of the temporary rule. Under the Director's interpretation, thus, it was employer, not claimant, who was the "requesting party" obligated to refile with the Director, and the temporary rule had no application to claimant's situation. We agree with the Director that claimant's subsequent request for review by the Director was timely.

At the time of the jurisdictional changes, claimant had succeeded in overturning the August order of the RRU. Having prevailed, there was no reason for claimant to request further review by the Board. However, employer requested Board review. Because of the pending review, the RRU order denying claimant benefits was not finally resolved when the jurisdictional changes occurred. *See Volk*, 135 Or App at 573 (review of Board's order had been sought

but not finally resolved at time of effective date of amendments). Under the temporary rule, employer, as the party requesting Board review, was the party obligated to refile the new request with the Director. Employer did not refile, and the Board determined that it had no jurisdiction to decide employer's request for review, dismissed review of the vocational assistance matter, and vacated the order directing employer to pay benefits. When the Board's action effectively reinstated the RRU order denying benefits, claimant filed his request for a contested case hearing within 60 days, as required by ORS 656.383(2). We find no basis on which to say that the Director's interpretation that the rule did not apply to claimant's circumstances was erroneous.

The dissent assumes that, as of the effective date of the 1995 amendments, the ALJ's decision reversing the RRU decision was a nullity. 168 Or App at 46. The dissent is wrong.

■ Nothing in the 1995 enactment of Senate Bill 369 compels the conclusion that validly existing orders were rendered a "nullity" without further action by the parties or the agency. In describing the ALJ's order as a "nullity," the dissent can only mean that the order was void. The dissent incorrectly implies that we "acknowledge" that the ALJ's decision was "rendered without jurisdiction" and therefore "is void." 168 Or App at 47. An order or judgment is void and hence a nullity only when the court or agency lacks jurisdiction at the time the order or judgment is entered. *SAIF v. Roles*, 111 Or App 597, 601, 826 P2d 1039, *rev den* 314 Or 391(1992) (judgment is void only when tribunal rendering it has no jurisdiction of the parties or subject matter.) It is true that, as of June 7, 1995, the effective date of Senate Bill 369, the Hearings Division had no jurisdiction to decide questions of vocational assistance. However, at the time the ALJ's order awarded claimant vocational assistance benefits, the Hearings Division of the Workers' Compensation Board had jurisdiction over the parties and the dispute and the authority to enter an order. All that the "retroactivity clause" of SB 369 accomplishes is to render the ALJ's order subject to being set aside via an adjudicative act. Here, employer knew that the ALJ's order was not "void" or a "nullity" but "voidable,"

and that is why it requested the Board not just to dismiss the pending request for review but to vacate the ALJ's order as well. The legal efficacy of the ALJ's order did not cease until February 16, 1996, the date the Board vacated it.

The RRU decision was not reinstated until the Board vacated the ALJ's order. That did not occur until February 16, 1996. At that time, the Board dismissed the pending request for review, thereby rendering the RRU decision final. Claimant filed for review of the RRU order with the Director on March 4, 1996, within the 60 days of the effective date of the RRU order. Although it may have been clumsy for the Director to decide the issue under the rubric of "tolling," the Director's decision that claimant's request was timely was nevertheless correct.

■ Employer next assigns error to the Director's grant of claimant's motion to strike the testimony of employer's Human Resources Manager. Employer argues that the proffered evidence was relevant to show that employer would have been able to accommodate claimant in the offered position. However, the manager testified that he was hired in 1997 and that he had no direct knowledge of how the paint room, where claimant worked before the manager began employment, was supervised. The Director did not err in holding that evidence irrelevant where the manager did not have direct knowledge of the circumstances surrounding the termination of claimant's employment, which was central to the vocational assistance issue.

Employer also assigns error to the Director's holding that, in denying vocational assistance benefits, the RRU abused its discretion. The Director did not err.

■ The RRU found that a paint room associate is required to walk or stand for eight hours. However, the medical evidence shows that claimant cannot walk or stand for that length of time, and the RRU erred in interpreting the medical evidence otherwise. Claimant did not have the capacity to do the job in the way that employer required, and the job offered to him was not suitable. The RRU's denial of vocational assistance benefits clearly was against the evidence.

■   Employer's final assignment of error is that the Director erred in failing to apply the statutory requirements of ORS 656.340(6)(a) for eligibility for vocational assistance. Employer argues that claimant presented no evidence that there was no suitable employment available to him, as the statute requires.[2] However, employer did not raise the issue until closing argument. The Director did not err in declining to consider a new issue raised for the first time after the evidentiary record was closed. *Fred Meyer, Inc. v. Hofstetter*, 151 Or App 21, 26, 950 P2d 322 (1997) (board did not abuse its discretion in refusing to consider issue not raised before the ALJ because claimant would be unfairly prejudiced if it were to decide the issue on the record before it).

Affirmed.

**EDMONDS, J.**, concurring.

The issue in this case is whether employer or claimant was obligated to file a request for hearing before the Director under *temporary* OAR 436-001-0015 (1995). According to the majority and the dissent, the resolution of the issue turns on whether the administrative law judge's (ALJ's) decision became "void" or "voidable" as the result of the retroactive effect of Senate Bill 369 (1995). The majority holds, "[a]ll that the 'retroactivity clause' of SB 369 accomplishes is to render the ALJ's order subject to being set aside via an adjudicative act." 168 Or App at 42. The dissent would hold that "[t]he ALJ's decision was void as of the effective date of the 1995 amendments. Therefore, the employer was not obliged to seek review of that decision." 168 Or App at 48.

I agree with the dissent that the ALJ's decision was a legal nullity once the 1995 amendments became effective. By transferring jurisdiction over the matter to the Director from the Hearings Division, the retroactive legal effect of the amendments operated as if the ALJ's decision had not occurred. However, the amendments left unaddressed the procedural status of employer's appeal to the Board. That

---

[2] The applicable statutory provision at that time provided that, to be eligible for vocational assistance, the worker must also have a "substantial handicap to employment," meaning that the worker "lacks the necessary physical capacities" to be employed in suitable employment. ORS 656.340(6)(b)(A).

issue is governed by *temporary* OAR 436-001-0015 (1995). Until the Board acted on employer's appeal by vacating the order that directed employer to provide vocational assistance, claimant could not have been deemed a "requesting party" under the rule.

Temporary OAR 436-001-0015 (1995) provided, in pertinent part:

"(1)  * * *

"* * * * *

"(b)   On or after June 7, 1995 and before September 17, 1995, any appropriate request for review *filed with the Board or its Hearings Division* (the Board) on a matter where review now lies with the director * * * shall be deemed a timely filing with the director provided that:

"* * * * *

"(B)   the requesting party formally files for review in writing with the director within 90 days of the effective date of this rule." (Emphasis added.)

The Director's decision that claimant could not become a "requesting party" under the rule until after the Board dealt with employer's appeal constitutes a plausible interpretation of its own rule that promotes orderly administrative procedure. Under the Director's interpretation, employer, not claimant, was the party who, in the language of the rule, had an appropriate request for review pending with the Board. Claimant could not have become a "requesting party" under the rule until the Board acted to divest itself procedurally from all claims pending before it. Thus, it is immaterial whether the ALJ's decision was "void" or "voidable."[1] The proper question before us is whether the Director's decision to deem employer as the "requesting party" is a plausible interpretation of its own rule, and I would uphold the Director's decision on that basis under *Don't Waste Oregon Com. v. Energy Facility Siting*, 320 Or 132, 881 P2d 119 (1994).

---

[1] I question the propriety of applying common-law concepts about judgments to the administrative law process. In my view, the question is whether the Director had the authority to fashion a subset of its own rule to accomodate the circumstances of this claim. I would hold that it had such authority.

**LANDAU, J.**, dissenting.

I disagree with the majority's disposition of this case for two reasons. First, the majority incorrectly concludes that employer was obligated to seek review of a decision that the enactment of 1995 amendments to the vocational assistance statute had rendered a nullity. The majority, without citation of authority or explanation, simply declines to give effect to the statute. Second, and apart from that, the majority condones the Director's decision to "toll" a statutory filing deadline. The majority characterizes the Director's decision as merely "clumsy," but apparently not legally incorrect. I disagree.

I begin with the conclusion that the employer was obligated to seek review of the disputed decision. The majority holds:

> "At the time of the jurisdictional changes, claimant had succeeded in overturning the August order of the RRU. Having prevailed, there was no reason for claimant to request further review by the Board. However, employer requested Board review. Because of the pending review, the RRU order denying claimant benefits was not finally resolved when the jurisdictional changes occurred. Under the temporary rule, employer, as the party requesting Board review, was the party obligated to refile the new request with the Director. Employer did not refile, and the Board determined that it had no jurisdiction to decide employer's request for review, dismissed review of the vocational assistance matter, and vacated the order directing employer to pay benefits. When the Board's action effectively reinstated the RRU order denying benefits, claimant filed his request for a contested case hearing within 60 days, as required by ORS 656.383(2). We find no basis on which to say that the Director's interpretation that the rule did not apply to claimant's circumstances was erroneous."

168 Or App at 41-42 (citation omitted).

The problem with the majority's analysis is that it ignores the effect of the 1995 amendments depriving the Board and the Hearings Division of jurisdiction to consider vocational assistance disputes. Those amendments expressly apply *retroactively* to pending matters such as this case.

Indeed, the legislature's intentions hardly could have been made more clear:

> "Notwithstanding any other provision of law, this Act applies to all claims or causes of action existing or arising on or after the effective date of this Act, regardless of the date of injury or the date a claim is presented, *and this Act is intended to be fully retroactive* unless a specific exception is stated in this Act."

Or Laws 1995, ch 332, § 66(1) (emphasis added). That means that, on the effective date of the 1995 amendments, the jurisdiction of the ALJ to issue an order reversing the RRU decision had been revoked, and the revocation was "fully retroactive." To give full retroactive effect to the revocation necessarily means that whatever authority the ALJ once had to make such a decision was lost. An agency decision rendered without jurisdiction is void. *Shurman v. Bureau of Labor*, 36 Or App 841, 844, 585 P2d 758 (1978). Thus, in this case, the ALJ's decision became void on the effective date of the 1995 amendments. In that light, to suggest that employer was obligated to request review before the Director makes no sense. The ALJ's decision no longer existed as of the effective date of the 1995 amendments. There was no decision adverse to employer for the Director to review.

The majority acknowledges that the effect of the statute was to deprive the Board and the Hearings Division of jurisdiction and that the statute was intended to apply retroactively. It further acknowledges that a decision rendered without jurisdiction is void. The majority nevertheless declines to embrace the logical consequence of those principles. The majority simply declares that "[a]ll that the 'retroactivity clause' of SB 369 accomplishes is to render the ALJ's order subject to being set aside via an adjudicative act." 168 Or App at 42.

Interestingly, the majority offers no analysis in support of its conclusion that the retroactivity clause in the 1995 amendments affects pending cases only by means of a subsequent "adjudicative act." In particular, it does not make any attempt to establish the legislature's intentions with respect to the effect of the retroactivity clause. It does not, for example, examine the relevant statutory language and explain

how it is giving effect to the legislature's "fully retroactive" intentions by holding that the ALJ's decision remained valid a full eight months after the effective date of the 1995 amendments that deprived the ALJ of the jurisdiction to make such decisions.

Likewise, the majority declines to examine any cases construing the retroactivity clause at issue. In point of fact, we have previously construed the very same retroactivity clause and have concluded that it has the effect of changing the law without a subsequent "adjudicative act." *See, e.g., Volk v. America West Airlines*, 135 Or App 565, 899 P2d 746 (1995), *rev den* 322 Or 645 (1996). The majority declines to explain—and I am at a loss to understand—how the very same retroactivity clause meant one thing in *Volk* and another thing entirely in this case. In my view, the clause means what it says. The ALJ's decision was void as of the effective date of the 1995 amendments. Therefore, the employer was not obliged to seek review of that decision.

I turn then to the other flaw in the majority's reasoning, concerning the disposition of the Director's decision to "toll" the filing period of 60 days described in ORS 656.283(2). The Director held:

> "[T]he board's adjudicative process concluded after the temporary rule's effective period was not within claimant's control. Therefore, absent any direction from statute or rule, the time in which the claimant had to file for a contested case hearing was effectively tolled during the hearing process before the board. It follows then, that pursuant to ORS 656.283(2)(d), the claimant had 60 days from the date of the board's order to request a contested case hearing before the director."

The majority concludes that, in so holding, the Director was "clumsy," but not in error. 168 Or App 43. I disagree.

Such a "tolling" period cannot be found in the language of the statute. ORS 656.283(2)(d) provides that an appeal of an RRU decision "must be made within 60 days of the review date." It does not say—as the Director held—that, in some cases, an appeal may be taken within "60 days from the date of the board's order," dismissing an appeal of an ALJ's decision. ORS 174.010 provides that courts may not

insert into a statute language that the legislature has not included. Administrative agencies are no less subject to the same constraint. In fact, the Director's conclusion that, in the absence of a statute or rule prohibiting him from doing so, he is free to toll statutory deadlines is precisely backwards. Unless a statute affirmatively grants him that authority, he lacks it. *See Severy v. Board of Parole*, 318 Or 172, 176 n 7, 864 P2d 368, *rev den* 318 Or 326 (1993) (agency may not expand its authority beyond that granted by statute); *Oregon Occupational Safety v. Don Whitaker Logging*, 123 Or App 498, 501, 861 P2d 368 (1993) (agencies are limited to the authority conferred by statute).

For either reason, the Director erred, and his decision should be reversed and remanded for reconsideration. The majority likewise errs in affirming the Director, and I respectfully dissent from that decision.

Haselton, J., joins in this dissent.