Argued and submitted October 19, 2004, affirmed November 16, 2005

James LLOYD,
*Petitioner,*

*v.*

AMERICAN MANUFACTURERS MUTUAL INSURANCE
and Department of Consumer and Business Services,
*Respondents.*

H02-081; A120964

123 P3d 357

Donald M. Hooton argued the cause and filed the briefs for petitioner.

Jerald P. Keene argued the cause and filed the brief for respondent American Manufacturers Mutual Insurance.

Richard D. Wasserman, Attorney-in-Charge, Civil/Administrative Appeals Unit, waived appearance for respondent Department of Consumer and Business Services.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

WOLLHEIM, J.

**WOLLHEIM, J.**

Claimant seeks review of an order of the Workers' Compensation Division of the Department of Consumer and Business Services (the division) determining that claimant is ineligible for vocational assistance benefits. Claimant assigns as error the division's conclusion that the 2001 amendments to the Workers' Compensation Law barred his request for those benefits. We review the order for errors of law, ORS 656.298(7) and ORS 183.482(8)(a), and affirm.

Claimant was injured in 1994 when he fell from a ladder while at work. He was diagnosed with bilateral carpal tunnel syndrome and bilateral ulnar neuropathies. The claim was accepted and first closed in June 1994. Claimant's aggravation rights expired in June 1999.

In 2000, claimant was diagnosed with lateral and medial epicondylitis and requested that insurer accept those diagnoses as new medical conditions. Claimant's physician reported that the new conditions were separate and distinct from his previously diagnosed conditions, but that they resulted from the 1994 compensable injury. Insurer accepted the additional diagnoses as new medical conditions, reopened the claim, and reclosed the claim in April 2001, once claimant was medically stationary. Subsequently, claimant requested an evaluation to determine his eligibility for vocational assistance benefits. Insurer evaluated claimant and, in November 2001, declared claimant ineligible for vocational assistance benefits because his injury was not a "substantial handicap to employment."

Claimant requested review by the Rehabilitation Review Unit (RRU) of insurer's determination that claimant was ineligible for vocational assistance benefits. In June 2002, the RRU issued an order affirming insurer's determination that claimant lacked a "substantial handicap to employment" and was therefore ineligible for vocational assistance benefits. Claimant then requested a hearing on the RRU's order.

The hearing officer, however, did not reach the issue whether claimant had a "substantial handicap to employment." Rather, the hearing officer determined that the

amendments to the Workers' Compensation Law, Or Laws 2001, ch 865, barred claimant from receiving vocational assistance benefits. Section 10 of those amendments, codified as ORS 656.267, provides that claims for new medical conditions that are initiated after an injured worker's aggravation rights have expired shall be processed as requests for relief under the Workers' Compensation Board's own motion jurisdiction pursuant to ORS 656.278(1)(b). In turn, benefits provided under the board's own motion jurisdiction pursuant to ORS 656.278(1)(b) "[d]o not include vocational assistance benefits under ORS 656.340." ORS 656.278(2)(a). The hearing officer determined that ORS 656.267 was applicable to claimant's pending request for vocational assistance benefits. Consequently, the hearing officer concluded:

> "I find that insurer is correct in arguing that the order should be affirmed on different grounds because claimant was not entitled to vocational assistance benefits. Claimant's original claim was closed in 1996 and he was provided with vocational assistance benefits on that claim. Claimant's entitlement to vocational benefits can now rest only on the current Own Motion Claim. ORS 656.728(2) explicitly states that [the board's] Own Motion benefits provided under ORS 656.728(1) do not include vocational assistance benefits under ORS 656.340. Given this explicit prohibition, claimant was ineligible for benefits."

Claimant now seeks this court's review of the hearing officer's order. He argues that, because his new medical condition claim was opened and closed before the operative date of ORS 656.267, the hearing officer erred in applying that statute. He also argues that, even if ORS 656.267 is applicable, the statute prohibits only the *board* from providing vocational assistance benefits; accordingly, the department is still authorized to provide those benefits under ORS 656.340.

We begin our analysis with the applicability of ORS 656.267. That statute establishes a framework for processing new and omitted medical condition claims. ORS 656.267(3) specifically addresses the processing of new and omitted medical condition claims that are initiated *after an injured worker's aggravation rights have expired*:

"[C]laims for new medical or omitted medical conditions related to an initially accepted claim that are initiated after the rights under ORS 656.273 [concerning aggravation] have expired shall be processed as requests for relief under the Workers' Compensation Board's own motion jurisdiction pursuant to ORS 656.278(1)(b)."

By the terms of its enactment, ORS 656.267 was intended to "become operative on January 1, 2002." Or Laws 2001, ch 865, § 21. Moreover, the 2001 amendments provided that ORS 656.267(3) "appl[ies] to all claims regardless of date of injury." Or Laws 2001, ch 865, § 22(2). Thus, by the plain language of the 2001 amendments, as of January 1, 2002, claims for new medical conditions that "are initiated after the [aggravation rights] have expired" were to be processed under the board's own motion jurisdiction, regardless of the date of injury.

Claimant does not dispute that his claim for new medical conditions (lateral and medial epicondylitis) was initiated after his aggravation rights under ORS 656.273 had expired. Rather, he argues that, because employer accepted and closed his claim for the new conditions in April 2001, before the operative date of ORS 656.267, that statute does not apply to his request for vocational assistance benefits concerning his new medical conditions. Claimant's argument, as we understand it, poses two questions: (1) Does a request for vocational assistance benefits involve "processing" a claim for a new medical condition for purposes of ORS 656.267(3); and (2) if so, did the legislature intend for that statute to apply to a request for vocational assistance benefits that was pending at the time of the operative date of the statute? We take each of those questions in turn.

ORS 656.267(3), by its terms, dictates how claims for new medical conditions initiated after aggravation rights have expired "shall be processed." Thus, subsection (3) would apply to claimant's request for vocational assistance benefits only if such a request involved the "processing" of a new medical condition claim. Accordingly, we must determine whether the legislature intended "processing" of a new medical condition claim to include a request for vocational assistance benefits relating to a new medical condition claim. Applying the methodology set forth in *PGE v. Bureau of*

*Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), we conclude that it did.

We begin with the text of ORS 656.267(3), read in the context of related statutes. Neither ORS 656.267(3), nor any other provision of the Workers' Compensation Law, defines the term "processed" or indicates whether ORS 656.267(3) includes, as part of the processing of a claim, a request for vocational assistance benefits. However, we find the context of ORS 656.267(3) to be dispositive. ORS 656.267(3) provides that claims for new medical conditions initiated after the expiration of aggravation rights shall be processed *"pursuant to ORS 656.278(1)(b)."* (Emphasis added.) ORS 656.278(1) provides that the board

> "may, upon its own motion, from time to time modify, change or terminate former findings, orders or awards if in its opinion such action is justified in those cases in which * * *
>
> "* * * * *
>
> "(b)  The worker submits and obtains acceptance of a claim for a compensable new medical condition or an omitted medical condition pursuant to ORS 656.267 and the claim is initiated after the rights under ORS 656.273 have expired."

It specifically addresses the types of benefits that may be provided in that circumstance:

> "In such cases, the payment of temporary disability compensation in accordance with the provisions of ORS 656.210, 656.212(2) and 656.262(4) may be provided from the time the attending physician authorizes temporary disability compensation for the hospitalization, surgery or other curative treatment until the worker's condition becomes medically stationary, and the payment of permanent disability benefits may be provided after application of the standards for the evaluation and determination of disability as may be adopted by the Director of the Department of Consumer and Business Services pursuant to ORS 656.726 * * *."

ORS 656.278(1)(b). The statute also places limitations on the types of benefits that may be provided under the board's own motion jurisdiction:

"(2) Benefits provided under subsection (1) of this section:

"(a) *Do not include vocational assistance benefits under ORS 656.340*;

"(b) Do not include temporary disability compensation for periods of time during which the claimant did not qualify as a 'worker' pursuant to ORS 656.005(30);

"(c) Do not include medical services provided pursuant to ORS 656.245 except as provided under subsection (1)(c) of this section; and

"(d) May include permanent disability benefits for additional impairment to an injured body part that has previously been the basis of a permanent partial disability award, but only to the extent that the permanent partial disability rating exceeds the permanent partial disability rated by the prior award or awards."

ORS 656.278(2) (emphasis added).

Thus, "processing" of a new medical condition claim for purposes of ORS 656.278 involves a determination of the types of benefits that can and cannot be awarded in conjunction with that own motion claim. The entitlement to vocational assistance benefits is an issue that the legislature has included as part of the "processing" of a new medical condition claim under ORS 656.278(2)(b).[1]

Given that statutory context, we hold that, for purposes of ORS 656.267(3), a request for vocational assistance benefits involves the "processing" of a new medical condition claim. We therefore turn to the second prong of our inquiry: whether the legislature intended ORS 656.267(3) to apply to such a request where the underlying claim for a new medical condition had been closed before the operative date of the statute, but the request was still pending.

As noted above, ORS 656.267(3) became operative on January 1, 2002, and, as of that date, applied to "all claims

_____

[1] Before 1995, ORS 656.278 did not prohibit the board from ordering an insurer to provide vocational assistance. However, Oregon Laws 1995, chapter 332, section 33, prohibited the board from ordering an insurer to provide such benefits. An insurer still may voluntarily provide vocational assistance benefits. ORS 656.278(5).

regardless of date of injury." Or Laws 2001, ch 865, §§ 21, 22(2). Accordingly, when its enacting clause is read in conjunction with the language of ORS 656.267(3), it is clear that, as of January 1, 2002, jurisdiction over "all claims that are initiated after aggravation rights have expired" was vested with the board under its own motion jurisdiction, "regardless of date of injury." Cf. *Gonzalez v. Schrock Cabinet Co.*, 168 Or App 36, 42, 4 P3d 74 (2000), *rev den*, 331 Or 674 (2001) (on effective date of statute divesting Workers' Compensation Board of jurisdiction over vocational assistance matters, the hearings division of the board "had no jurisdiction to decide questions of vocational assistance"). The question, then, is whether that statutory language was intended to encompass a claim that was initiated *before* January 1, 2002, but was still being processed after that date.

In this case, the legislature has employed something less than an express retroactivity clause. *Compare* Or Laws 2001, ch 865, §§ 21, 22(2), *with* Or Laws 1995, ch 332, § 66 ("Notwithstanding any other provision of law, this Act applies to all claims or causes of action existing or arising on or after the effective date of this Act, regardless of the date of injury or the date a claim is presented, and this Act is intended to be fully retroactive unless a specific exception is stated in this Act."). However, the legislature's decision to apply ORS 656.267 to all claims "regardless of date of injury" is strong evidence of retroactive intent. Claimant has not identified, nor have we discovered, anything in the text of the statute or the legislative history of the 2001 amendments that detracts from that evidence. Thus, applying the plain language of the statute in this case, as of January 1, 2002, claimant's request for vocational assistance—which was based on a new medical condition claim initiated after claimant's aggravation rights had expired—should have been "processed" pursuant to the board's own motion jurisdiction.

Claimant also argues that ORS 656.267 should not apply in this case because "all of the processing on this claim had occurred under ORS 656.262 before the operative date of [ORS 656.267(3)] * * *." Employer responds that "all processing" had not, in fact, been completed: "While the claim had been reopened and closed for the purpose of determining temporary and permanent disability benefits prior to January 1,

2004, the matter of claimant's entitlement to vocational assistance benefits was still being processed and litigated."[2] We agree with employer.

The processing of claimant's request for vocational assistance benefits, unlike the processing of that claim for purposes of temporary and permanent disability benefits, was not final prior to the operative date of ORS 656.267(3). In fact, the RRU did not issue its order until June 2002, and the hearing was not convened until October 2002. Thus, as of the operative date of ORS 656.267(3), the processing of the request for vocational assistance had not been completed. The date of closure on the issue of temporary and permanent disability simply is not relevant to whether the claim was still being "processed" for purposes of ORS 656.267(3).[3] For that reason, and the reasons identified above, we hold that, as of January 1, 2002, ORS 656.267(3) applied to claimant's pending request for vocational assistance benefits.

Having determined that ORS 656.267(3) is applicable, we next examine the effect of that statute. ORS 656.267(3) provides that claims for new medical conditions initiated after the expiration of aggravation rights, as is the case with claimant's new medical conditions, must be processed pursuant to the board's own motion jurisdiction. As mentioned above, under the board's own motion jurisdiction,

---

[2] Part of the dispute here concerns the meaning of the word "closed." It is not defined by the Workers' Compensation Law. *See* ORS 656.005. The term "closed" causes problems because it has different meanings depending on its context and none of those meanings is necessarily consistent with the plain, ordinary, and natural meaning. In one sense, an accepted workers' compensation claim is never closed because the injured worker is entitled to medical services for life. ORS 656.245(1)(b). In another sense, a claim is closed when the injured worker is medically stationary and the insurer issues a notice of closure. ORS 656.268(1). For both aggravation claims under ORS 656.273 and own motion claims under ORS 656.278, it is common to refer to the closing of those claims once the injured worker again becomes medically stationary. Here, claimant argues his claim was "closed" and, therefore, the 2001 amendments do not apply. For the reasons expressed in the opinion, we disagree with that argument.

[3] Claimant's argument that ORS 656.267(3) applies only to claims closed after the operative date of the statute is further undermined by the broader context of the enacting clauses for the 2001 amendments. Where the legislature intended for sections of the 2001 amendments to be applied based on the date of closure, it so stated. *See* Or Laws 2001, ch 865, § 22(3) ("The amendments to ORS 656.268(6) by section 12 of this 2001 Act apply to any claim with a date of closure on or after January 1, 2002.").

claimants are not entitled to vocational assistance benefits. Claimant argues, however, that, regardless of whether his claim is in "own motion" status, he still is entitled to vocational assistance benefits *from the director of the Department of Consumer and Business Services* pursuant to ORS 656.340.

According to claimant, "eliminating the Board's jurisdiction over vocational assistance benefits does not mean those benefits cannot be provided by the director pursuant to ORS 656.340." He contends that there are two parallel tracks that a claimant can take to recover benefits for a new medical condition filed after the expiration of aggravation rights: (1) the claimant can pursue temporary and permanent disability benefits under the board's own motion jurisdiction; and (2) the claimant can pursue medical services and vocational rehabilitation from the director of the Department of Consumer and Business Services. Claimant's argument, however, is inconsistent with the plain text of ORS 656.267(3). That statute provides that new medical condition claims initiated after the expiration of aggravation rights "*shall* be processed as requests for relief under the Workers' Compensation Board's own motion jurisdiction pursuant to ORS 656.278(1)(b)." (Emphasis added.) Claimant's argument would require us to impermissibly insert into the statute language permitting such claims to be processed by the director as well. *McCall v. Kulongoski*, 339 Or 186, 196, 118 P3d 256 (2005) (the court will not "presume to insert into * * * statutes what the legislature has heretofore seen fit to omit"); ORS 174.010 ("In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted * * *."). There is, under ORS 656.267(3), only one track for the processing of new medical condition claims initiated after the expiration of aggravation rights: the board's own motion jurisdiction.

Because ORS 656.267(3) is applicable to claimant's request for vocational assistance benefits, claimant's request was required to be processed under the board's own motion jurisdiction, and not pursuant to ORS 656.340. Accordingly,

the hearing officer did not err in denying claimant's request for vocational assistance benefits pursuant to ORS 656.340.

Affirmed.